Reavis *v.* Reavis.

---

NANCY REAVIS, plaintiff in error *v.* ISHAM REAVIS, defendant in error.

*Error to Bond.*

On a bill filed alleging a desertion for more than two years, and answer confessing the desertion, but justifying it on account of repeated cruelty on the part of the complainant, the jury having found the charge of desertion to be true as alleged in the bill, the Court ordered a decree that the bands of matrimony be dissolved, and that alimony be allowed to the respondent for the support of herself and child, and that the cause be continued to the next term of the Court, for the purpose of enquiring into the amount proper to be allowed. At the next term of the Court, the same evidence was admitted on the hearing of the question in relation to the alimony, which had been admitted on the hearing of the application for divorce, though objected to by respondent; and a decree for one cent alimony, and that each party should pay the costs incurred by each, on the application for alimony:—*Held* that said testimony must have been irrelevant to an enquiry on the question of alimony, the only question remaining to be decided, and that it was error to admit the same; and that the allowance of a nominal amount of alimony, was a virtual rescinding of the judgment of the Circuit Court at the previous term.

The final judgment of the Court should have decreed a yearly allowance commensurate to the support of the wife and child, in proportion to the husband's ability, and her condition in life.

The order that the wife should pay costs, was also erroneous.

THIS was a bill for divorce, filed by Isham Reavis, against his wife, Nancy, setting forth for cause, desertion. There was a verdict for complainant, and thereupon the Court directed the following entry to be made: " Ordered, that the bands of matri-

mony heretofore existing in this cause, between the complainant and the respondent, be dissolved, and that alimony be allowed to the respondent for the maintenance of herself and child, the issue of said marriage, and that the amount so to be allowed be enquired of by evidence to be heard at next term, until which time the cause is continued."

At the next term of the Court, to wit, at the May term, 1835, the Hon. Thomas Ford presiding, such proceedings were had, that the following bills of exceptions were allowed, to wit, "Isham Reavis v. Nancy Reavis, on application for alimony.

The parties appeared, and the respondent introduced proof of the value of complainant's real and personal estate, and the complainant thereupon introduced the evidence of the witnesses which had been heard on the former issue of divorce between the same parties, at the last term, to which the respondent objected, and declined examining the said testimony; but the Court admitted the same, and now here proceeding to hear and determine said issue for alimony, does order, adjudge, and decree that the said Nancy Reavis recover alimony to the amount of one cent, and that each party pay the cost incurred by each."

Nancy Reavis introduced Peter Hubbard to prove the amount of real and personal estate which the said Isham owned, who stated that he had made an estimate of his real and personal estate, and estimated it to amount to two thousand one hundred and forty dollars.

John Hopton agreed with Peter Hubbard in his estimate. No title papers were shown, nor any evidence that Reavis had sold any of his farms.

Complainant offered to prove the same facts by the same witnesses, which had formerly been proved on the trial of the issue for a divorce, to which respondent objected, but the Court overruled the objection and admitted the testimony, to which respondent excepted.

JAMES SEMPLE and ALFRED COWLES, for the plaintiff in error, made the following points :

1. The Court under the act, title *Divorce*, R. L. 233, 234,(1) were bound to allow reasonable alimony, reference being had to the husband's estate.

2. The 6th section of the statute is imperative.

3. Although there was a verdict for a divorce, yet there is nothing in the statute forbidding or prohibiting allowance of alimony.

A. W. SNYDER and J. W. WHITNEY, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :

(1) Gale's Stat. 249–51.

This was a proceeding in *equity* under the statute for a divorce, for wilful and continued desertion of the wife of complainant. The defendant answered the bill admitting the desertion, but alleging as a justification therefor, the extreme and repeated cruelty, and the absence of the complainant, and his refusal to protect her from the gross and brutal insults of others in his presence. The facts were enquired into by a jury, and the jury found a verdict in favor of the complainant, sustaining the charge of desertion ; upon which the Circuit Court entered up the following decree. " Ordered, that the bands of matrimony heretofore existing in this cause, between the complainant and respondent, be dissolved, and that alimony be allowed to the respondent for her maintenance, and that of her child, the issue of said marriage, and that the amount so to be allowed, be enquired of by evidence to be heard at the next term, until which time the cause is continued."

At the next term the Circuit Court entered up judgment in the cause for one cent alimony, and decreed that defendant should pay her proportion of the costs on the hearing of the application.

The defendant brought the cause to this Court, and now assigns for error.

1st. That the Court erred in allowing nominal alimony, when it was shown that the complainant, at the time, was possessed of large real and personal estate.

2d. That the Court erred in admitting the same testimony which had been heard on the previous issue of divorce, or suit, at a term subsequent to the time when the jury found the issue, against the objections of the defendant.

3d. That the Court decided that respondent should pay costs.

In deciding upon the grounds of error, it will be proper to look to the decree made in the cause, at the term when the bands of matrimony were dissolved. By the order, the Circuit Court doubtless found itself compelled to award the order for the dissolution of the bands of matrimony ; the jury found the fact of wilful and continued desertion ; but at the same time, it appears that it felt itself equally bound to order that sufficient alimony should be awarded to the respondent for her support, and that of her infant child, the issue of the marriage ; but deferred the enquiry therein until the next term, when the amount was to be determined by evidence.

This order was doubtless also made in pursuance of the provisions of the 6th section(1) of the act concerning divorces, approved 31st January, 1827, which declares " That when a divorce shall be decreed, it shall and may be lawful for the Court to make such order touching the alimony and maintenance of the wife,

(1) R. L. 234 ; Gale's Stat. 251.

the care, custody, and support of the children, or any of them, as from the circumstances of the parties, and the nature of the case, shall be fit, reasonable, and just. And in case the wife is complainant, to order the defendant to give reasonable security for the performance of such order ; and may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, as shall appear reasonable and proper."

From the bill of exceptions it appears that the complainant was the owner of considerable real and personal estate, as was proved on the hearing; but it also appears that on this enquiry the Circuit Court permitted the complainant to introduce the same witnesses and prove the same facts which had formerly been proved on the trial of the issue for a divorce, to which the respondent objected and excepted to the opinion of the Court in admitting such testimony.

The first enquiry presented on examining the grounds of error assigned, seems naturally to be, what had the Circuit Court decided, on making the order for the dissolution of the bands of matrimony, and decreeing alimony ? Must it not have been that although the marriage was dissolved, still under the provisions of the law, the wife was entitled to a fair and reasonable allowance for the support of herself and child ; and that as it had not then evidence by which it could judge of the means and ability of the complainant to afford such support, the cause was continued to the next term, for the production of such evidence ? It had heard the merits of complainant's prayer, and on the trial had heard the whole grounds of the causes of complaint, and of attempted justification for the abandonment charged and not denied; and with the full knowledge necessarily of the whole grounds occupied by the parties, had come to the determination, that although the complainant was entitled to the relief prayed, yet equally so, the wife and child were entitled to a support, which it adjudged the complainant should pay. If this view of the cause thus far, be just, and to it no objection is perceived, then it would seem to follow as a necessary consequence, that the only subject of enquiry, was the condition of the parties in life, and the means and ability of the complainant to pay such allowance as the Court should consider fit, reasonable, and just, and that evidence foreign to such enquiry should be rejected.

It will be perceived that in determining that alimony should be allowed, the Court had necessarily passed on the conduct of the wife, and had by such order necessarily decided that she had not, let her conduct have been what it might, forfeited her right to that protection and support which the law allowed, and which the Court had most undoubtedly considered her entitled to ; but the measure or extent of the allowance was to be ascertained by evidence of the capacity of the complainant to answer.

U*

The testimony, then, which was admitted relating to the original grounds of divorce, and which had been given on the issue of desertion, must have been irrelevant to an enquiry on the question of allowance of alimony. It must, I again repeat, be borne in mind, that the conduct of the wife had already been placed before the Court on the first enquiry before the Court and jury, and could not have been the subject of a second enquiry, because it was by no means necessary to a decision of the question as to the allowance of alimony. What would be a proper allowance to a person in her situation in life, and how much it would take to afford her and her child a reasonable support, and the ability of the complainant to pay that sum, or as near to it as his means would enable him, were surely the only questions in a case like the present. The amount to enable her to procure the necessary food and clothing for her child, could not be made to depend on her previous conduct, after it had been decided, that to such support and clothing she was entitled ; for that would be, to make the amount of the necessaries of life requisite for her support, depend on her personal conduct before the dissolution of the marriage, and not the extent of those means, indispensable for existence. Whether this view be correct or not, still there is a reason equally forcible, indeed more so, which shows the injustice of the admission of the testimony objected to.

I think it but rational to suppose that the introduction of the evidence was not only calculated to take the party by surprise, but that it must have had that effect. In an enquiry of the kind, could it have occurred to the party that all the former causes of complaint were to be again heard ? I should greatly doubt whether the most intelligent mind would have supposed that the desertion, with all the accompanying acts, would be again a matter of investigation and decision. If not, how would the party be prepared to introduce rebutting and explanatory testimony? And would not the introduction of such evidence, uncontradic and unexplained, have had a most unfavorable effect on the min of the judge deciding the case of alimony, if he had never heard the whole evidence on the trial before the Court and jury, for the divorce, as seems to have been the fact in the present case? Its consequences cannot be calculated, and it must be owing to this cause, that the order for an allowance of one cent was made ; it can in my judgment be accounted for from no other cause. It is not intended to say that the whole conduct of the wife, is not to be taken into consideration on determining the question of an allowance of alimony, but I intend to say, that when that conduct has once been the subject of an examination, and an order made to merely ascertain the condition of the husband and his pecuniary ability to afford the wife a maintenance, it is erroneous and

improper to receive again testimony which necessarily must be in the nature of *ex parte* proof. Suppose the Court had ordered a master to have reported the amount of the complainant's real and personal estate, would he have for a moment felt himself justified in receiving evidence that the wife had deserted, or done any other act charged in the bill? Unquestionably not; and yet this interlocutory order of the Circuit Court meant no more, in my judgment, than such an order. Shall, then, the modes of arriving at the intended result, change the character of the evidence to be adduced? It cannot be; and hence, I arrive at the conclusion that it was improperly received. But is there nothing in this nominal allowance of alimony, which at once shows that it was a virtual rescinding of the judgment of the Circuit Court? Did the Circuit Court, when it made that order, intend to keep the word of promise to the respondent's ear, and break it to her hopes? Did it intend to trifle with the justice and equity of the laws of the country, and make its own decrees a mere phantom, which should elude the grasp of the respondent, and prove an idle and delusive dream? If words are not mere empty sounds, if they mean any thing, then surely in the words of the decree, the respondent was to be allowed a sum sufficient for the support and maintenance of herself and child, if on proof of the ability of the complainant, he had the property out of which such an allowance as was fit, reasonable, and just, could be made. That he had such means abundantly appears from the proof, and why that allowance was not made, can only be inferred from the introduction of the testimony objected to by the respondent. This order allowing one cent, is most unjust in its consequences, because it deprives the infant child of the protection and nurture intended to be given under the decree. This part of the case must certainly have escaped the observation of the Court, or it would not certainly, I presume, have made an order, from which such consequences must inevitably flow. The order, then, for this reason alone, was an entire departure from the former adjudication of the Court, and directly repugnant thereto, and necessarily annulled, for every practical purpose, the judgment of the Court. The order decreeing costs against the wife, was also clearly erroneous. I can see no view in which the case can be examined, that does not show the entire incorrectness of the final judgment on the allowance of alimony. It should have been a yearly allowance commensurate to the support of the wife and child, in proportion to the ability of the husband and her condition in life; what that ability and condition might be, would be subject of enquiry by evidence, and when ascertained, should be so declared.

I am of opinion that the judgment of the Circuit Court should

Reavis *v.* Reavis.

be reversed with costs, and the cause remanded to that Court with instructions to proceed in the cause, and allow yearly such alimony for the support of the respondent and her child, as shall, from the evidence to be adduced, and the circumstances of the parties, be fit, reasonable, and just.

*Judgment reversed.*