ANNA JANICE BUSBY, Plaintiff-Appellant, *v.* HALLIE VIRGIL BUSBY, Defendant-Appellee.

(No. 72-299;

Third District—May 21, 1973.

Manion and Doyle, of Hoopeston, (Paul T. Manion, of counsel,) for appellant.

Burt Greaves, of Champaign, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The plaintiff, Anna Janice Busby, brought an action in the Circuit Court of Iroquois County for divorce on the ground of mental cruelty. The trial judge rendered judgment for divorce in favor of plaintiff and awarded her periodic alimony and certain property. Plaintiff has appealed on the issue of the adequacy of the alimony and the refusal of the trial court to receive evidence relating to the nature of the defendant's misconduct in determining the amount of alimony.

Plaintiff in her original complaint had charged adultery but amended to change the grounds to mental cruelty. A hearing was held on August 25, 1972 and on that date the court decreed a divorce in favor of plaintiff on the ground of mental cruelty and continued all questions relating to child support, alimony, and the division of the property until Sept. 29, 1972.

At the hearing held on Sept. 29, 1972 plaintiff attempted to once again introduce evidence that defendant had committed adultery. Defendant objected and was sustained. Plaintiff contends that such evidence should have been admitted as weighing on the question of an appropriate alimony award. She cites *Byerly v. Byerly,* 363 Ill. 517, 525 as authority that a party has an unequivocal right to present such evidence. In *Byerly* the court stated, "There is no hard and fast rule for the fixing of alimony. Matters which are *usually considered* by the court in determining alimony are the ages of the parties, their condition of health, the property and income of the husband, separate property and income, if any, of the wife, the station in life of the parties as they have heretofore lived, and whether or not there are any children dependent upon either

for support, and also the nature of the misconduct of the husband. *It was never intended that the allowance of alimony shall be used as a means of visiting punitive damages upon the husband in favor of the wife for the husband's misconduct * * *.*" (Emphasis supplied).

In *Reavis v. Reavis*, 2 Ill. 242 the Illinois Supreme Court held that where a divorce was granted at one term of court it was error on the trial of the amount of alimony at the next term to permit the reintroduction of evidence of fault given by the plaintiff on the trial of the question of divorce. The court held that the testimony relating to the grounds of divorce was *irrelevant* to the inquiry on the question of allowance of alimony. The court said, "What would be a proper allowance * * * was surely the only question in a case like the present. * * *" We believe that the testimony sought to be adduced was entirely irrelevant and that the ruling of the trial court was proper in the instant case.

The plaintiff further contends:
1. that the amount awarded was inadequate in amount as a matter of law,
2. that defendant should be required to extend life insurance coverage for the benefit of the plaintiff and the minor children,
3. that defendant should make provision for plaintiff's retirement.

At the hearing plaintiff testified that her total monthly needs, including child support for 2 minor children of the parties was $700. She had been working for several weeks but was unable to cope with the 50 hours per week demanded by her employer and had quit. She expected to secure other employment which would produce $90 to $95 per week gross. The defendant, an insurance salesman, draws $1000 per month from his employer. The 1971 income tax return was introduced and showed that defendant's gross income was $17,500 salary and $480 director's fees with outside salesman's travel expenses of $1745 and $478 for other business expenses leaving about $15,800 before state and federal income taxes. Defendant said that other than higher income taxes this would remain about the same in 1972. A financial report was introduced which showed that excluding the mortgage on the home awarded to plaintiff, defendant had a current indebtedness of $62,000 (plus $1100 attorney fees awarded to plaintiff by the court). Defendant was paying $500 a month on just 2 of his loans. His current expenses were about $500 a month.

The court awarded plaintiff, who had no special equities:

| | |
|---|---:|
| The home with a net equity of about | $12,500 |
| The furnishings worth about | 5,000 |
| A car worth about | 500 |
| Total | $18,000 |

| | |
|---|---|
| Child support | $2600 per year |
| Alimony | $2600 per year for 1st year |

|  | | |
|---|---|---|
| | Total | $5200 for 1st year plus |

Hospital and medical insurance for children
Beneficiary of a whole life policy of $20,000 for
    5 years at least.[1]

The court awarded defendant the remaining assets having a
    present case value        $70,830 and on which there was a
    current indebtedness of    $62,060 to be paid by defendant.

|  | | |
|---|---|---|
| | Net | $ 8,770 |

| | |
|---|---|
| Less attorney fees | $ 1,100 to be paid plaintiff's lawyer in six months |

|  | | |
|---|---|---|
| | Net | $ 7,670 |

It is obvious that defendant did not come out well on the property division.

| | |
|---|---|
| Plaintiff needs | $ 8,400 (her own estimate) |
| Alimony and child support | $ 5,200 from plaintiff |

Deficit  $ 3,200 ÷ 52 = $61.54 per week

It should be obvious that a job paying plaintiff $90 to $95 gross per week would make up the deficit.

Plaintiff has cited *Turns v. Turns*, 96 Ill.App.2d 347, 351 where the court stated, "All the parties involved must have food, shelter, and other necessary living expenses. Other expenses [referring to debts] must yield to these items". We have no quarrel with that statement but would point out that "all the parties" includes the defendant as well as plaintiff, and plaintiff's basic needs have been met in the instant case.

■■ Defendant is paying $300 per month on an installment note which is secured by stock in the agency which employs him. He is also paying $200 per month on an unsecured indebtedness to another bank. The argument that these debts should yield to higher alimony does not impress us. The indebtedness of the husband must also be considered. (*Young v. Young*, 323 Ill. 608, 616; *Hudspeth v. Hudspeth*, 122 Ill.App.2d 341.) An award of alimony should not be made so high as to cause financial dif-

---

[1] Defendant had previously borrowed the entire cash value on the policy, premiums are deducted from his salary.

ficulties and personal embarrassment on the part of the husband which may impair his earning capacity, for even a husband with a comparatively large income who has wronged his former wife must live up to the standards required by his job and enjoy reasonable peace of mind. Otherwise, he is not likely to earn the income and the wife herself will be the principal sufferer. Annotation: 1 A.L.R. 3d 38, Sec. 10(c).

■■ Broadly speaking, the principal factors or circumstances that govern the amount to be allowed as permanent alimony are the necessities of the wife and the financial ability of the husband to meet them. (*Everett v. Everett*, 25 Ill.2d 342.) They have been met in the instant case.

The trial court, in its order, directed that defendant maintain $20,000 in life insurance coverage, payable on death to plaintiff, for a period of 5 years or until the youngest child (then age 13) ceases her formal education, whichever is later.

Defendant is the beneficiary of a retirement plan. If defendant terminated his employment voluntarily the plan would presently be worth $10,000. If he continues his employment and contributions (all are by his employer) are paid he will receive about $240 a month when age 65 or if sooner disabled. In case of death before 65 the sum of $36,000 would be payable to his estate. This plan was included among the assets awarded to defendant with a present cash value of $10,000 assigned to it.

■▇▇▇ Plaintiff argues that it is improper to permit defendant to have all the benefit of the retirement plan to her complete exclusion and it is unreasonable to exclude her from it on her retirement in about 15 years. We can not agree. The present cash value of the plan was included among the assets of the parties and was awarded to defendant as a part of the property division. Further, alimony being essentially an allowance for the support of the beneficiary during the joint lives of the ex-wife and her divorced husband, *Cross v. Cross*, 5 Ill.2d 456, the duty to pay (absent her remarriage) continues after her retirement if he is still alive. Provisions whereby the aged divorced wife of a social security beneficiary may obtain a wife's insurance benefit were added to the law in 1965, if the marriage, as here, was of over twenty year's duration. We are aware of and plaintiff has cited no case (absent agreement of the parties) requiring a defendant to provide for an alimony recipient's retirement. In *Yoselle v. Yoselle*, 54 Ill.App.2d 354, life insurance coverage (extended to the children) had been agreed upon by the parties. In *Mogged v. Mogged*, 5 Ill.App.3d 581, 284 N.E.2d 663, the award was in the nature of a lump sum in lieu of permanent alimony.

■■ Defendant has $20,000 in level term insurance and $40,000 in decreasing term insurance. The children are the beneficiaries. His employer

has a $50,000 policy on defendant which was secured pursuant to an earlier agreement that in event of defendant's death the employer use the proceeds to buy defendant's shares in the agency. This latter policy belonging to the employer is certainly of no concern to plaintiff.

Generally, life insurance is merely one of several assets of the parties, and an award of life insurance to the husband *is* ordinarily proper where other assets are awarded to the wife, particularly where the husband has the power to borrow on the policies, change beneficiaries, and surrender the insurance or permit it to elapse. 24 Am. Jur.2d, Divorce and Separation, sec. 932; Annotation: 145 A.L.R. 523, 524; 27B C.J.S. Divorce sec. 292(2).

Also, see "When a Divorce Decree tinkers with a life insurance policy", 48 Ill. Bar Journal 282.

The trial court in its decree awarded alimony in the amount of $50 per week for the first year, reduced to $40 per week for the second year and $30 per week thereafter until further order of court. The trial court has continuing jurisdiction of the cause and if circumstances change it is within its power to adjust the alimony in accordance with changed conditions. We, therefore, believe that under the facts of this case the reductions should not have been ordered, and that the judgment should be modified to provide for $50 per week until further order of the court. In all other respects the judgment of the Circuit Court is affirmed.

Affirmed except as modified.

ALLOY, P. J., and STOUDER, J., concur.