Deweese Scruggs, Plaintiff-Appellant, *v.* James Scruggs, Defendant-Appellee.

(No. 73-414; ▮▮▮▮▮▮▮▮▮.

Fifth District—November 4, 1974.

Mitchell & Armstrong, of Marion, for appellant.

Richard E. White, of Murphysboro, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the plaintiff, Deweese Scruggs, from an order entered by the circuit court of Pulaski County denying certain relief, requested by her petition for rehearing, from a divorce decree awarded plaintiff, which provided for child support and lump-sum alimony.

On December 1, 1971, the plaintiff filed a complaint against the defendant, James Scruggs, pray'ng for: (1) a divorce from the defendant, (2) custody of the minor children "and reasonable child support for said minor children," (3) alimony, (4) defendant to pay plaintiff's attorney fees and court costs, and (5) a property settlement to be made. Defendant, in response thereto, filed an answer and a counterclaim on March 17, 1972. On April 4, 1972, plaintiff filed an answer to defendant's counterclaim and an amended complaint. The prayer contained in plaintiff's amended complaint reiterated the provisions embraced in the prayer of plaintiff's original complaint with the exception of provision (5), which was amended to read: "That a property settlement be made and the Plaintiff be awarded one-half of the real estate and other property accumulated by the parties." In neither plaintiff's complaint nor in her amended complaint did she assert any special equities or contributions in support of her request for a property settlement.

On September 26, 1972, the cause was called for trial and on October 19, 1972, a "decree" was entered by the trial court. This decree ordered, among other things, that the marriage be dissolved, and

"That the plaintiff herein desires no installment alimony payments and expressly herein refuses and relinquishes right to claim same, now and forever, but defendant will pay plaintiff as alimony in gross the sum of $10,000 within ninety (90) days from the date of the filing of the said Decree, * * * and it is ordered that neither the plaintiff or defendant will take any alimony, one from

the other, now and forever, neither being entitled to same, one from the other, except herein stated."

On November 13, 1972, the plaintiff, after retaining new counsel, filed a motion to partially vacate the decree, and a motion for rehearing. This motion alleged that the property settlement was made by plaintiff's attorney without her consent. She moved to set aside all of the provisions of the decree except for the provision dissolving the marriage. On February 1, 1973, the trial court entered an order granting plaintiff's motion to partially vacate and plaintiff's motion for rehearing, on the basis of her previous attorney having no authority to enter into the property settlement.

On March 8, 1973, a hearing was held to determine the rights and obligations of the parties under the divorce decree. The majority of the testimony presented therein concerned the defendant's income, the value of defendant's business property, the defendant's debts, the plaintiff's contribution to defendant's business, the condition and value of various properties owned by the parties, the needs of the plaintiff, and the medical and educational requirements of the parties' unemancipated child, Jerry Scruggs. After hearing the testimony of the defendant, plaintiff, and Jerry Scruggs, the trial court took the matter under consideration.

On March 27, 1973, the trial court entered a "supplemental decree." Under this decree the defendant was ordered to pay $12,000 alimony in gross to the plaintiff, $20 per week for support of the son, Jerry Scruggs, the medical and educational expenses of said son, $500 to J. C. Mitchell (counsel for plaintiff), and $204 to Mr. Lorek (previous counsel for plaintiff) for costs advanced by him in the prosecution of plaintiff's claim. This decree also incorporated, "with the exception of Paragraphs 3 and 9 of the original Decree, and as otherwise modified in the foregoing Paragraphs of this Decree, Paragraphs 2 through 13, inclusive, of the original Decree * * *." The unmodified provisions of the "original decree" incorporated into the second decree included, among others, provision 5, which awarded the "homeplace" of the parties and the furniture and household goods located therein to the plaintiff, provision 6, which awarded three described pieces of real estate located in Mound City to the plaintiff, ordered the defendant to convey his interest in such real estate to the plaintiff by quitclaim deeds, and ordered defendant to pay the 1971 taxes on such real estate, provision 7, which awarded certain "property referred to as the Kinslow conveyance" to the plaintiff, ordered the defendant to convey his interest in such real estate to the plaintiff by quitclaim deed, and ordered defendant to pay the 1971 taxes thereon, provision 10, which provided that the plaintiff and defendant were individually and not jointly, responsible for any debts incurred after Sep-

tember 1, 1971, and provision 13, which ordered the plaintiff to convey any interest she may have in six described pieces of real estate, including the property on which the defendant operated an I.G.A. grocery store, to the defendant.

Subsequently, plaintiff filed a motion for rehearing. She alleged therein that,

> "The alimony in gross awarded to Plaintiff by Defendant is, as a matter of law, less than that shown by the manifest weight of the evidence. Based upon the evidence in the record, said alimony in gross should not have been less than Twenty-Four Thousand Dollars ($24,000.00)."

She further alleged that the child support should not have been less than $40 per week, she should be given one-half interest in the "Real estate where Defendant's place of business is now located," the supplemental decree did not correctly award her the automobile (title of which remained in defendant's possession), and the defendant had another bank account of which she had just learned.

On June 26, 1973, the date set for rehearing, counsel for both parties argued in support of their cause. The argument of plaintiff's counsel with respect to the inadequacy of the alimony in gross award contained in the supplemental decree was based solely upon the insufficiency of the amount. In response to the plaintiff's claim of newly discovered assets, the defendant's counsel made the following statements; that the new bank account was an account held by the defendant and his second wife, that there were two accounts, that one account was a checking account of the second wife, and that the other account was a joint savings account where the second wife put her savings from the salary she received from the defendant's store. Impropriety of lump-sum alimony was not urged.

On August 14, 1973, the trial court entered an order directing the defendant to pay $30.00 per week in child support and also directing the defendant "to deliver title to said automobile to Plaintiff." The plaintiff's motion for rehearing was denied "in all other respects." The plaintiff appeals from this order.

The plaintiff raised three contentions in this appeal; first, that the trial court "abused its discretion in the establishment of the just alimony and support award" and, therefore, this court can, and must, reverse same; secondly, that it was improper for the trial court to award alimony in gross in lieu of periodic alimony under the circumstances here present; and lastly, that the trial court erred in failing to grant plaintiff an equitable interest in the business operated by defendant.

■■ We shall first discuss whether the trial court's action in granting alimony in gross in lieu of periodic alimony was reversible error. Unless the

circumstances justify a different course of action, the usual and proper practice is to award permanent alimony in such a manner that it will remain in the control of the court. (*Schwarz v. Schwarz*, 27 Ill.2d 140, 188 N.E.2d 673; *Meighen v. Meighen*, 307 Ill. 306, 138 N.E. 613; *Hall v. Hall*, 18 Ill.App.3d 583, 310 N.E.2d 186.) In *Honey v. Honey*, 120 Ill.App.2d 102, 256 N.E.2d 121, the court discussed various circumstances under which courts have granted alimony in gross and, then, found that the record before it was devoid of any similar circumstances which would justify the imposition of alimony in gross. Consequently, the court held that since periodic alimony was feasible the trial court, persuaded by plaintiff's counsel, adopted the wrong standard in determining the award of alimony, *i.e.*, alimony in gross, and that aspect of the decree must be reversed.

██ Nevertheless, the court's ruling in *Honey v. Honey* is of little aid to the plaintiff in the instant case. The order appealed from in the instant case was the culmination of four separate hearings before two different presiding judges. As the record set forth previously demonstrates, at no time throughout any of these proceedings did either of plaintiff's counsel complain of the impropriety of alimony in gross. In fact, plaintiff not only acquiesced to alimony in gross but requested alimony in gross in her second motion for rehearing, complaining only about the amount of the award of alimony in gross previously entered by the trial court. Furthermore, plaintiff has accepted the quitclaim deeds tendered by the defendant pursuant to provisions 5 and 7 of the original decree, incorporated by reference in the trial court's supplemental decree and order. Section 18 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 19), provides, in part, that:

> "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

Since the preceding provision has been interpreted to mean that a court may not grant both periodic alimony and a lump-sum payment (*Rodely v. Rodely*, 28 Ill.2d 347, 192 N.E.2d 347; *Overton v. Overton*, 6 Ill.App.3d 1086, 287 N.E.2d 47), the acceptance by the plaintiff of the deeds tendered by the defendant as part of a property settlement further evidences the plaintiff's waiver of her "right" to periodic alimony. The plaintiff's apparent request for alimony in gross, her failure to raise any question relating to the impropriety of alimony in gross in any of the four separate hearings conducted by the trial court, and her acceptance of the defendant's tender of certain quitclaim deeds, which were part of

the trial court's property settlement, lead us to refuse to consider this issue for the first time on appeal. See *Hux v. Raben*, 38 Ill.2d 223, 230 N.E.2d 831; *Woman's Athletic Club v. Hulman*, 31 Ill.2d 449, 202 N.E.2d 528; *Hartman v. Hartman*, 11 Ill.App.3d 524, 297 N.E.2d 199.

■■■ Next, we shall address plaintiff's contention that the trial court abused its discretion in determination of the amount of the alimony and child support to be awarded. The measure of alimony is the need of the wife considered in connection with the husband's ability to pay. (*E.g., Busby v. Busby*, 11 Ill.App.3d 426, 296 N.E.2d 585.) No single criterion is controlling and each case will depend on the individual facts of that case. (*Turns v. Turns*, 96 Ill.App 2d 347, 239 N.E.2d 144.) As a general rule, the amount of alimony is within the sound discretion of the trial court, and the amount of alimony determined thereby will not be disturbed unless an abuse of discretion is shown. (*Rodely v. Rodely*, 28 Ill.2d 347, 192 N.E.2d 347; *Sandberg v. Sandberg*, 11 Ill.App.3d 495, 297 N.E.2d 654.) From the record before us, we are unable to say that the terms of the divorce decree, in particular the alimony award, were against the manifest weight of the evidence or that they were beyond the proper limits of discretion vested in the trial court.

The final contention of the plaintiff is that the trial court erred in failing to award her an equitable interest in the business operated by defendant. In support of this contention plaintiff cites *Everett v. Everett*, 25 Ill.2d 342, 185 N.E.2d 201, for the proposition: "For a court to exercise its equitable powers to adjust property rights of the parties, special circumstances and equities must exist." Plaintiff alleges that "her efforts and denial of the material benefits of life with reference to the growth and development of the grocery store of her husband * * * qualify as special circumstances and equities."

■■ The trial court as the trier of fact is in a position superior to a court of review to observe the conduct of witnesses while testifying, to determine their credibility, and to weigh the evidence and to determine the preponderance thereof, especially where testimony is contradictory. (*Schulenburg v. Signatrol, Inc.*, 37 Ill.2d 352, 226 N.E.2d 624; *Smith v. Realcoa Construction Co.*, 13 Ill.App.3d 254, 300 N.E.2d 855.) The function of a reviewing court is to examine the factual determinations of the trial court to see whether they are supported by the evidence (*In re Estate of Kas*, 14 Ill.App.3d 729, 303 N.E.2d 201), and not to disturb those determinations unless they are against the manifest weight of the evidence (*Brown v. Zimmerman*, 18 Ill.2d 94, 163 N.E.2d 518). In the instant case the trial court, after hearing the evidence pertaining to the plaintiff's contributions to "the grocery store of her husband" and the plaintiff's deprivation of the "material benefits of life," much of which

was contradictory, determined that no special circumstances or equities existed to justify the plaintiff's request for a one-half interest in the grocery store operated by the defendant and, therefore, denied plaintiff's request for such an interest. We cannot say, from the record before us, that the trial court's denial of plaintiff's request was against the manifest weight of the evidence.

Having found each of plaintiff's contentions without merit we affirm the order entered by the circuit court of Pulaski County denying paragraphs one, three and five of plaintiff's motion for rehearing.

Order affirmed.

G. MORAN, P. J., and CARTER, J., concur.