BETTY D. MORETZ, Plaintiff-Appellee, *v.* HARRY MORETZ, Defendant-Appellant.

Fourth District   No. 12954

Opinion filed March 25, 1976.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (W. Loren Thomson, of counsel), for appellant.

James Walker, of Bloomington, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

A decree for divorce awarded plaintiff wife child support in the sum of $150 per month for each of two minor children, and in lieu of periodic alimony required the conveyance of the husband's interest as joint tenant in the marital residence and awarded to her the sum of $6000, payable in installments of $100 per month. The wife also received the household personalty. The sum of money constituting a portion of the alimony in gross was made a lien upon real estate owned solely by the husband.

The defendant husband appeals upon the issue that the award of child support and payments to the wife are greater than his earnings, that the trial court abused its discretion in awarding the real estate held in joint tenancy to the wife where no special equities are pleaded or proven, and in charging the separate real estate of defendant with a lien.

In *Colvin v. Colvin*, 132 Ill. App. 2d 959, 270 N.E.2d 61, it was held that a husband's interest as joint tenant may be decreed to be a portion of designated alimony in gross.

The plaintiff wife was 50 years of age at the time of the hearing; the age of defendant is not established in the record. He asserts that his employment has been interrupted by pneumonia and an affliction to the back. Prior to the marriage the wife had been a waitress, but there has been no employment since the marriage.

Prior to the separation of the parties the husband operated a "security service," but nothing in the record established his earnings from such business. He testified that he last earned $100 per week gross as a security guard, and that his hope for future employment as a security guard would again gross earnings of $100 per week. Since the parties separated the defendant has traveled from place to place outside of the State.

A son, now aged 13 years, is mongoloid and is said to require constant supervision. An adult daughter is described as retarded but is apparently employable and had some employment at the time of the hearing. So far

as the record shows, there is no apparent limitation of her activities. She is described as capable of providing care for the afflicted brother. A daughter, aged 17 years, is attending high school.

The wife's testimony asserts needs in terms of current expenses of approximately $740 per month. The sum includes $157 per month installments on the mortgage upon the residence awarded to her. Presumably such sum covers taxes and insurance. Her needs are also to include $130 per month for clothing and $50 a month for gas and oil for an automobile, as well as $5 per month for cable television. There is also claimed a necessity for $46 per month for health insurance apparently covering all parties of the household. The record does not provide any form of authentication for any of the amounts for which she testified.

The decree does not refer to certain matters which appear in the record. The apparent equity of the parties in the joint tenancy residence was approximately $26,000. The husband's share, which was awarded to the wife, would have a value of essentially $13,000. The wife received or obtained $5000 held in a checking account of the parties, and at the time of the hearing still had $2000 of that amount. She received and retained a rent of $145 per month from the residence owned by the defendant. The record is uncertain as to the period of time for which she received such rent. Defendant had purchased two camping or living trailers at a cost of $11,500 about one year before the separation. The wife sold such trailers and received the sum of $2300. It appears that she also received the sum of $300 in a sale of the "security service" formerly operated by the husband. She did not indicate for the record what if any further sum was to be received for such business. While the record shows nothing concerning the value, she received the sum of $300 for several automobiles which had been owned by defendant, together with all household furnishings. No value is placed in the record concerning such items. The value of the real estate owned by defendant has not been established in the record other than a rental of $145 per month for an unstated period of time.

So far as the record shows, the husband had $3000 and a 1967 Oldsmobile at the time of the separation.

Upon these facts there are scant resources with which equity can function in meeting the needs of the parties. The wife's argument is essentially in terms of "punitive damages." The authorities do not support such a policy. In *Byerly v. Byerly*, 363 Ill. 517, 2 N.E.2d 898, it was said:

> "It was never intended that the allowance of alimony shall be used as a means of visiting punitive damages upon the husband in favor of the wife for the husband's misconduct * * *."

Such conclusion is reiterated in *Errera v. Errera*, 332 Ill. App. 582, 76 N.E.2d 215, and *Busby v. Busby*, 11 Ill. App. 3d 426, 296 N.E.2d 585.

■■ The classic standard is that the trial court's discretion must measure the need of the wife and the children and the ability of the husband

to pay, but that no single criterion controls within the factual structure of the case. *Scruggs v. Scruggs*, 23 Ill. App. 3d 1004, 320 N.E.2d 406; *Busby v. Busby*, 11 Ill. App. 3d 426, 296 N.E.2d 585.

The essential issue is whether the total award charged against the defendant by the decree is excessive in the light of the available evidence concerning defendant's ability to pay. While we can find few cases which have determined that awards of alimony and support are so excessive as to constitute abuse of discretion, in *Busby*, it was recognized that an award of alimony should not be so great as to cause financial difficulties which impair earning capacity. In substance, the court determined that the husband must be permitted income sufficient to meet needs of food, clothing and shelter. In that case the husband's net income before income tax was $15,800. The wife urged upon appeal that the award of $5200 for alimony and child support was insufficient in the light of her asserted need of $8400. The court affirmed the award, although the wife would be required to work to meet all the needs asserted.

■■ In *Schwarz v. Schwarz*, 27 Ill. 2d 140, 188 N.E.2d 673, the court pointed out that where alimony in gross is awarded in installments, the excessiveness of the installments is not necessarily measured by the income for the year in which the installment is paid. In that case, however, it is apparent that the husband was permitted to retain some income.

From the record this decree awards sums for alimony and child support in the precise amount of defendant's earnings as shown by the record. Having elected to pursue alimony in gross, plaintiff's counsel has foreclosed the possibility of future adjustments in keeping with both the earnings of the husband and the future needs of the wife.

■■ Here the wife has received, through this decree, an interest of $13,000 in real estate and approximately $10,000 in cash or liquidated personal property, as well as the household furnishings. Such award appears to be more than one-half of all assets which defendant has accumulated prior to the separation. Upon consideration of defendant's earnings at the business which he followed both during the marriage and subsequent to the separation, we conclude that it was an abuse of discretion to award the further sum of $6000 payable in installments as alimony in gross and charged as a lien upon the real estate.

Plaintiff's motion to dismiss the appeal was taken with the case. The motion is denied.

The decree of the trial court is reversed, the cause remanded with directions to enter a decree in accordance with the views expressed herein.

Reversed and remanded, with directions.

SIMKINS and GREEN, JJ., concur.