ELIAS ANDERSON, appellant, *v.* MICHAEL RYAN, appellee.

*Appeal from Coles.*

In actions of seduction, brought by the parent who has the right to require service of the daughter, it is no longer necessary to prove a loss of service to sustain the action. But where the action is brought by the master, who is not the parent, the loss of service must be proved.

TRESPASS, *vi et armis* for assault, debauchery and carnal knowledge of the daughter of the appellee, brought by the latter against the appellant in the Coles Circuit Court, and

tried before the Hon. William Wilson and a jury, at the May
term 1845. The jury returned a verdict in favor of the
plaintiff below, and assessed his damages at $656, upon
which the Court rendered a judgment.

The instruction of the Court below excepted to is embo-
died in the Opinion of this Court.

*A. Lincoln,* for the appellant, relied on the following points
and authorities:

1. The Court below, by instructing the jury that they
ought to infer a loss of service, withdrew the consideration
of the question of the loss of service from the jury, which
was contrary to law. *Trotter* v. *Saunders*, 7 J. J. Marsh.
321; *Sullivan* v. *Enders*, 3 Dana, 66; *Tufts* v. *Seabury*, 11
Pick. 140; 3 U. S. Dig. 571, §§ 563–565; *United States* v.
*Tillotson*, 12 Wheat. 180; *Allen* v. *Kopman*, 2 Dana, 221.

2. Although there may be evidence apparently sufficient
to sustain the verdict, yet, as the Court could not see whether
the jury based their verdict as to loss of service on the evi-
dence, or on the misdirection of the Court, a new trial should
have been granted. *Gaines* v. *Buford*, 1 Dana, 481, 502;
*Gillespie* v. *Gillespie*, 2 Bibb, 89, 93; *Wardell* v. *Hughes*,
3 Wend. 418.

*U. F. Linder,* and *A. T. Bledsoe,* for the appellee.

The old doctrine has passed away. 5 East, 49; 2 Greenl.
Ev. 471–2. It is unnecessary to prove a loss of service; it
is sufficient to show that the father had a right to call for the
service, although none was actually performed. *Hallowell*
v. *Abell*, 32 Eng. Com. Law R. 615. It is not necessary to
prove any acts of service. 21 Wend. 79, 82; 5 Harr. &
Johns. 31; 2 T. R. 168; 11 East, 23; 2 Harr. Dig. 1262–3,
§ 6, par. 4; *Hewitt* v. *Primm*, 32 Eng. Com. Law R.; *Clark*
v. *Fitch*, 2 Wend. 459; 4 Cowen, 412; 5 do. 106; 10 Johns.
115; 1 Wend. 447; 2 Leigh's N. P. 1463, § 14; 10 Wend.
338; 2 Stark. Ev. 722, note 1; *Martin* v. *Payne*, 9 Johns.
387; 22 Eng. Com. Law R. 323; *Maunder* v. *Venn*, 1 Mood.
& Malk. 323; 7 Carr. & Payne, 528.

Anderson v. Ryan.

The Opinion of the Court was delivered by

LOCKWOOD, J.* This was an action of seduction, commenced by Ryan against Anderson, in which the plaintiff had a verdict and judgment for $656.

By a bill of exceptions, it appears that the relation of master and servant was proved, that the daughter lived in her father's family, rendered services, and was four months advanced in pregnancy by the defendant below, when the suit was brought, and that no loss of service in consequence of the seduction was directly proved. In this state of proof the Court instructed the jury, "that the law required the plaintiff to prove some loss of service and of the comfort and society of his daughter, but that proof of the slightest loss was sufficient, and if the jury should believe that the daughter of the plaintiff lived with the father and had been pregnant by the defendant for the term of four months before the commencement of the action, they might infer and ought to infer that loss of service." Defendant excepted to the latter clause of the instruction, and after verdict, moved for a new trial, which was overruled.

Whether this instruction was correct, was the only question relied on by plaintiff in error, to recover the judgment below.

In the case of *Hallowell* v. *Abell*, reported in 32 Eng. Com. Law R. 615, on a trial at Nisi Prius, it was held that it is not absolutely essential to prove actual service by the daughter; it is sufficient if she was under the control of her father.

In the case of *Maunder* v. *Venn*, 1 Moody & Malkin, 323, and reported in 32 Eng. Com. Law R. 323, the same doctrine was held. Littledale, Justice, who tried the cause, said "that the proof of any acts of service was unnecessary; it was sufficient that she was living with her father, forming part of his family, and liable to his control and command. The right to the service is sufficient. I remember Lord Alvanly so ruling, and I have always been of the same opinion; if it

* DENNING, J. did not sit in this case.

were otherwise, no action could be maintained for this injury by a father in the higher ranks of life, where no actual services by the daughter are usual."

It cannot, however, be doubted, that formerly the doctrine in actions for seduction brought by the father against the seducer of his daughter was, that the gist of the action consisted in the *loss of service*. But this doctrine has latterly been so completely frittered away by numerous decisions both in this country and in England, that hardly a vestige of it now remains. It ought not, then, any longer to be considered as law. When, therefore, it appears from the proof that the relation of parent and daughter is established, with a right on the part of the parent to require service of the daughter, the law, in order to preserve the form of the action does and will infer that a loss of service did ensue from the seduction. A distinction no doubt exists, where the action is brought by a master who is not the parent. In this case the loss of service must be proved.

The doctrine on which the modern decision is based, is stated with great clearness and force, by Chief Justice Nelson, in delivering the opinion of the Court, in the case of *Heart* v. *Prince,* 21 Wend. 81. As this question has never been discussed in this Court, previous to the case at bar, we feel authorized in extracting largely from that opinion, because it furnishes reasons fully justifying the doctrine, in actions of seduction, brought by the parent, that loss of service need no longer be proved to sustain the action.

In delivering the opinion in *Heart* v. *Prince,* Chief Justice Nelson says: "It is now fully settled both here and in England, (*Maunder* v. *Venn,* 1 Mood. & Malk. 323; Peake's N. P. 55, 233; 2 Stark. Ev. 721; 9 Johns. 387; 2 Wend. 459; 7 Carr. & Payne, 528,) that acts of service by the daughter are not necessary; it is enough if the parent has a right to command them, to sustain the action. If it were otherwise, says Littledale, Justice, in *Maunder* v. *Venn,* no action could be maintained for this injury in the higher ranks of life, where no actual services by the daughter are usual. After this I do not perceive how we can consistently maintain that

proof of actual loss of service is indispensable to uphold the action. It may be sustained upon the mere right to claim them, or in the language of the cases, upon the supposed services, where none were ever rendered in fact, the ground of it in the supposed case, precludes the possibility of any actual loss." Such is the spirit of the more recent cases, as will be seen by a reference to those above cited.

It was conceded by Hallock serjeant, for the defendant in *Revel* v. *Satterfit*, 1 Holt, 450, that in most of these cases the condition of service was regarded as a mere conveyance to the action. It was the form, he said, through which the injury was presented to the Court; and having obtained its admission upon legal principles, it brought along with it all the circumstances of the case.

The ground of the action has often been considered technical, and the loss of service spoken of as a fiction, even before the Courts ventured to place the action upon the mere right to claim the services; they frequently admitted the most trifling and valueless acts as sufficient. In the case of *Clark* v. *Fitch*, 2 Wend. 459, there was no proof of actual loss; and *Martin* v. *Payne*, 9 Johns. 387, was decided on the ground that none were necessary. The only actual liability of the father that appeared in the former case, was for the expenses of lying in, which have never been regarded as the foundation of the suit; they are received in evidence only by way of enhancing the damages. It is apparent from a perusal of the modern cases and elementary writers in England upon this subject, that the old idea of loss of menial services, which lay at the foundation of the action, has gradually given way to more enlightened and refined views of the domestic relations; these are, that the services of the child are not alone regarded as of value to the parent. As one of the fruits of more cultivated times, the value of the society and attentions of a virtuous and innocent daughter is properly appreciated; and the loss sustained by the parent from the corruption of her mind and the defilement of her person, by the guilty seducer, is considered ground for damages, consistent with the first principles of the action. The loss of

these qualities, even in regard to menial services, would necessarily greatly diminish their value.

The action, then, being fully sustained, in my judgment, by proof of the act of seduction in the particular case, all the complicated circumstances that followed come in by way of aggravating the damages. It is not necessary that these all transpire before suit brought; if they are the natural consequences of the guilty act, they are but the incidents which attend and give character to it."

The views presented by Chief Justice Nelson, place the ground of this action upon the elevated consideration of protecting the moral purity of female character. Such an object must meet a cordial response in every uncorrupted heart. This opinion also satisfactorily vindicates the modern doctrine, as more in accordance with the original design of the action for seduction. It has long been considered as a standing reproach to the Common Law, that it furnished no means to punish the seducer of female innocence and virtue, except through the fiction of supposing the daughter was a servant of her parent, and that in consequence of her seduction, the parent had lost some of her services as a menial. It is high time this reproach should be wiped out.

The Courts of Law, both in America and in England, feeling the justice of this reproach, have from time to time been relaxing the rule, that proof of loss of service must be made before the action can be sustained, until, by the decisions above cited, they have entirely rejected the fiction of loss of service as the foundation of the action, and thereby in effect placed the action on its true basis, that is, upon the loss of character and happiness of the unfortunate female, and the consequent injury inflicted on the heart of the parent. This action ought, then, no longer to be considered as a means of recovering damages for the loss of menial services, but as an instrument to punish the perpetrator of a flagitious outrage upon the peace and happiness of the family circle.

We are consequently of opinion, that that portion of the instruction excepted to was not erroneous. The judgment is consequently affirmed, with costs.

The following separate opinion was delivered by

KOERNER, J.   I concur with the majority of the Court in the decision of this case, but wish to present briefly my views upon the correctness of the instruction, which is the only point in question, as they do not seem to coincide completely with those expressed in the Opinion of the Court.

I consider that the loss of service in a case of seduction is still the just and only legal foundation of the action, and that it is the rule of evidence merely which has undergone a change in the course of time, by the decisions of Courts, according to a more just and refined feeling of society on this subject, at once so delicate and so painful.

Where a master, in the real sense and meaning of that term, sues in this action, I apprehend that he would still have to prove some loss of service; but where a father sues for the seduction of his daughter, while she actually or constructively resides in his family, or where a person who is standing in *loco parentis* brings the action for seducing a female residing with him, no proof of actual loss of service is necessary; but the law, from the relation itself, will presume it.   The loss of service being in such a case a *presumptio juris*, it requires no proof, cannot be disproved by the defendant, and must be found to exist by a Court or jury.   An instruction therefore by the Court, in a case where the relation of parent and child, and the residence of the latter in the family of the former was clearly established, "that the jury ought to infer loss of service" was not erroneous, but, upon the principles just suggested, manifestly correct.

*Judgment affirmed.*