James E. Malone, Plaintiff-Appellant, v. Mildred L. Malone, Defendant-Appellee.

People of State of Illinois ex rel. Mildred L. Watkins, Formerly Mildred L. Malone, Petitioner-Appellee, v. James E. Malone, Defendant-Appellant, and Charles Logsdon, Jr., Defendant.

Term No. 55–F–4.

Fourth District.

February 28, 1955.

Rehearing denied April 5, 1955.

Released for publication April 21, 1955.

Jacoby, Patton & Manns, of Alton, for plaintiff-appellant, and defendant-appellant.

E. D. Groshong, of East Alton, for defendant-appellee, and petitioner-appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This cause is before us on appeal from proceedings involving a petition to modify a decree of divorce and a habeas corpus proceeding seeking to change the custody and possession of certain minor children of the parties to the proceeding. The original divorce decree was entered on July 17, 1951, and by the terms of such decree, custody of the children of the parties, a son aged nine years, a daughter aged seven, and another son aged two years, was vested in the mother, Mildred L. Malone, with certain periods of visitation given to the father, James E. Malone. The decree likewise provided for a $30 per week allowance for the support and maintenance of the children. Both divorced parents were remarried at the time of the filing of the petition to modify the decree.

The petition to modify the decree of divorce was filed on May 16, 1952, and after such matter had been set for a hearing, when the children of the parties failed to return to the home of the mother following the summer vacation with their father, the mother filed a petition for writ of habeas corpus on October 27, 1952, charging that the children were restrained without authority of law. The petition and the habeas corpus proceeding were consolidated for hearing.

Many witnesses testified for both parties. After the hearing the trial court entered an order in the habeas corpus proceeding finding that it was to the best interests of the older son and the daughter that they should not be discharged from the custody of the father, but that it was to the best interests of the younger son that he be discharged from the custody and restraint imposed upon him by the father and returned to the custody of the mother. On the same date a decree was entered in the chancery action transferring the custody of the older son and daughter from the mother to the father, and permitting the custody of the youngest son to remain with the mother. The decree was further modified to provide that the father pay the mother $7.50 per week for the support and maintenance of the youngest child. It was also provided that each parent be denied visitation privileges with the child or children in the other parent's custody.

On appeal in this court it is contended by appellant, the father, that the evidence shows that he is a fit and proper person to have custody of all of the minor children and that the mother is not, and that the best interests of the children demand that they all be placed in his custody rather than of the mother, and that the court erred in denying each of the parties to the suit visitation privileges with the child or children not placed in their custody. There is also complaint made of failure of the court to permit the daughter to testify when offered as a witness by the father.

427

■■ It would be of no benefit to detail the testimony in the record, but is sufficient for the purposes of determination of this case to state that this court feels that, under the record before the court below, the findings and decree of the trial court could not be said to be manifestly against the weight of the evidence. Similarly, we find no reversible error in the failure by the court to permit the young daughter of the parties to testify in the controversy, and believe that the lower court was justified in refusing to permit the daughter to give testimony under the circumstances in the case.

As to the provisions of the decree denying the right of visitation, it is noted that the court below found that it was to the best interests of all the minor children that each of the parents do not have visitation periods with the child or children awarded to the other until the "further order of the Court," for the reason that the parties have continually and repeatedly sought relief from the courts of Madison county in connection with the custody of the minor children, and have brought the children into court on numerous occasions and conducted themselves in a manner which is contrary to the best interests of the minor children, and that such visitation periods have heretofore resulted in accusation and counter-accusation of improper conduct toward said minor children.

■■ We interpret such decree as to right of visitation to be temporary in character and designed to alleviate a condition which has apparently been contrary to the best interests of the children, and ostensibly designed to impress upon both of the parents that any visitation rights must be consistent with the best interests of the children at all times. We cannot, therefore, find that such decree is contrary to the best interests of the children, or inequitable, provided such denial of right of visitation is in fact temporary in character. An absolute denial of right of visitation, not based upon facts and circumstances justifying such

denial in the best interests of the child or children, would be inequitable and unjust (Zechman v. Zechman, 391 Ill. 510).

On the basis of the record before us, however, in light of the decree entered in this cause, the order and modified decree of the circuit court of Madison county will be affirmed.

Order and decree affirmed.

BARDENS and SCHEINEMAN, JJ., concur.