REBECCA DALE McMANUS, Plaintiff-Appellee, *v.* JOHNNIE MICHAEL McMANUS, Defendant-Appellant.

Fifth District No. 75-234

Opinion filed May 28, 1976.

Richard C. Cochran and Joe Harrison, both of Cochran & Harrison, of Fairfield, for appellant.

Randall S. Quindry, of Fairfield, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant, Johnnie McManus, appeals from a judgment of the circuit court of Wayne County which granted the plaintiff, Rebecca McManus, a divorce, awarded her custody of the parties' minor daughter,

and ordered the defendant to pay various amounts to the plaintiff and her parents.

A daughter was born to the plaintiff and defendant on August 18, 1973. The plaintiff and defendant were married about three months later. They lived together for a week, and then the defendant, who was in the military service, returned to his station in another State. The parties did not live together again.

On December 12, 1974, the plaintiff sued for divorce and alleged the defendant had been guilty of extreme and repeated mental cruelty toward her. At trial, the plaintiff introduced evidence which showed that \$110 per month was needed for the child's support, and that the plaintiff's parents had spent \$859.16 on the medical bills of the plaintiff and her child. Of the latter amount, the parents spent \$643.33 before the plaintiff and defendant were married and \$215.83 after they were married.

The circuit court granted the plaintiff a divorce. The court awarded custody of the parties' daughter to the plaintiff and gave the defendant visitation rights.

The visitation rights given the defendant were as follows. Between April 20, 1975, and the child's second birthday, August 18, 1975, the defendant was to be allowed to visit the child from 1 p.m. to 5 p.m. on the third Sunday of every month. Between the child's second and sixth birthdays, the defendant is to be allowed to visit her from 1 p.m. on the third Sunday of every month until 2 p.m. on the following Monday. Commencing in 1980, the defendant will be allowed to have the child during two weeks of every year.

The circuit court ordered the defendant to pay child support in steadily increasing amounts. He must pay \$70 per month until the child's sixth birthday. Then, until the child's tenth birthday, he will have to pay \$140 per month. Between the child's tenth and fourteenth birthdays, he will have to pay \$180 per month. Afterward, until the child's eighteenth birthday, he will have to pay \$200 per month.

The court also ordered the defendant to pay the plaintiff \$5 per month periodic alimony, \$150 for attorneys' fees, and an amount sufficient to pay all her court costs. In addition, the court directed the defendant to pay the plaintiff's parents \$859.16 to reimburse them for the medical expenses they had incurred for the plaintiff and the child.

■■ On appeal, the defendant argues, first, that the court abused its discretion by giving him only limited visitation rights. He asserts, second, that the court abused its discretion by ordering him to pay child support which increases steadily as the child grows older, without any further hearing or decree by the court. He argues, third, that the court abused its discretion by ordering him to pay \$5 per month periodic alimony, \$150

attorneys' fees, and suit money to the plaintiff. The defendant argues, fourth, that the court erred in directing him to pay any money to the plaintiff's parents.

A circuit court, in granting visitation rights to a parent who does not have custody of a child, must seek primarily to promote the child's welfare. (*Miezio v. Miezio,* 6 Ill. 2d 469, 129 N.E.2d 20; *Malone v. Malone,* 5 Ill. App. 2d 425, 126 N.E.2d 505.) The welfare of the child usually requires that the parent who does not have custody of the child be given liberal visitation rights, so the child will not be estranged from that parent. (*Kay v. Kay,* 22 Ill. App. 3d 530, 318 N.E.2d 9; *Chmelik v. Chmelik,* 25 Ill. App. 2d 192, 166 N.E.2d 101.) A circuit court possesses broad discretion in awarding visitation rights, and the court's award will be modified on appeal only if it causes manifest injustice to the child or either of the parents. *Rodely v. Rodely,* 28 Ill. 2d 347, 192 N.E.2d 347; *Miezio v. Miezio.*

The initial part of the grant of visitation rights, which allowed the defendant four hours per month to visit his daughter, was so restricted as to cause manifest injustice to the defendant. This part of the award, however, became ineffective on August 18, 1975. The question of the validity of this portion of the grant is thus moot, and cannot now be the basis for complaint. See *National Jockey Club v. Illinois Racing Com.* 364 Ill. 630, 5 N.E.2d 224.

■■ The rest of the award of visitation rights, which provides the defendant about one full day per month to visit the child, is limited, but not so limited as to cause manifest injustice to the defendant or child. This part of the award falls within the area of the circuit court's broad discretion and must be affirmed.

■■ In ordering the payment of child support, a circuit court must consider the needs of the child, the separate income of the wife, and the income of the husband. (*Knox v. Knox,* 31 Ill. App. 3d 816, 334 N.E.2d 891; *Sandberg v. Sandberg,* 11 Ill. App. 3d 495, 297 N.E.2d 654.) Because changes in these facts cannot be anticipated with accuracy, a circuit court should ordinarily not try to anticipate such changes by making its award of child support to increase automatically with the child's age. (See *Busby v. Busby,* 11 Ill. App. 3d 426, 296 N.E.2d 585.) The self-adjusting aspect of the award of child support must, therefore, be reversed.

■■ The initial award of $70 per month in child support is consistent with the manifest weight of the evidence, and it is affirmed. (*Sandberg v. Sandberg.*) Since the award of child support, as modified by this court, will not increase automatically as the child grows older, the plaintiff will have to petition the circuit court for an increase in child support payments whenever a substantial change in circumstances occurs which justifies such an increase. *Lacey v. Lacey,* 24 Ill. App. 3d 776, 321 N.E.2d 524.

■■ The decisions whether to grant periodic alimony, attorneys' fees,

and suit money rest in the sound discretion of the circuit court. (Ill. Rev. Stat. 1973, ch. 40, pars. 16, 19; *Hoffman v. Hoffman,* 40 Ill. 2d 344, 239 N.E.2d 792; *Ylonen v. Ylonen,* 2 Ill. 2d 111, 117 N.E. 2d 98.) The circuit court's award to the plaintiff of $5 per month periodic alimony, $150 in attorneys' fees and suit money was reasonable and did not constitute an abuse of the circuit court's discretion. The award of these amounts is affirmed.

■■ The circuit court's ordering the defendant to pay $859.16 to the plaintiff's parents was improper. The plaintiff's parents were not parties to the divorce proceeding, and, consequently, no relief could be awarded them against the defendant. (See Ill. Rev. Stat. 1973, ch. 110, par. 50(1).) The circuit court's judgment in their favor is reversed.

This does not mean that the plaintiff's parents are without recourse against the defendant. For the $215.83 spent by the parents on medical expenses after the plaintiff and defendant were married, the parents can sue the defendant directly and recover from him under section 15 of the Husband and Wife Act (Ill. Rev. Stat. 1975, ch. 68, par. 15). For the $643.33 spent by the parents before the plaintiff and defendant were married, the parents could possibly have sued the defendant directly and recovered damages under an old common law tort theory. See Ill. Rev. Stat. 1975, ch. 68, par. 5; *White v. Murtland,* 71 Ill. 250; *Anderson v. Ryan,* 8 Ill. 583; see also Ill. Rev. Stat. 1975, ch. 83, par. 15.

For the foregoing reasons, the judgment of the circuit court of Wayne County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

KARNS, P. J., and JONES, J., concur.