SUSAN HOCK, Plaintiff-Appellee, *v.* THOMAS HOCK, Defendant-Appellant.

Second District   No. 75-408

Opinion filed July 6, 1977.

Robert K. Kilander, of Laraia, Solano & Berns, of Wheaton, for appellant.

Young & Gust, of Lombard, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

In June of 1975, Thomas Hock, defendant-appellant, hereinafter referred to as husband-father, petitioned the circuit court of Du Page County to further modify the visitation provisions of a 1970 divorce decree. Husband-father asked that his daughter, Rachael, be sent to visit him for two weeks during the summer holidays. The circuit court denied the petition and cited husband-father's lack of attentiveness towards Rachael as a principal reason for doing so.

Husband-father has appealed. He contends that in the light of the extreme change in circumstances since June of 1971, when the visitation provisions were last modified, the circuit court abused its discretion when it denied the modification requested by him. Because of the unique set of circumstances involved in this case, we must agree with husband-father and conclude that the circuit court abused its discretion when it refused to further modify the visitation provisions of the 1970 divorce decree.

The husband-father and plaintiff-appellee, Susan Hock, hereinafter referred to as wife-mother, were divorced in 1970. The couple had one child, Rachael, who was placed in her mother's custody. Husband-father was given visitation rights for two hours on alternate Saturdays and Sundays. The record reveals husband-father did exercise these visitation rights, although not so fully as he might have. In June of 1971, wife-mother desired to move to Missouri. She petitioned the circuit court for permission to take Rachael with her. The permission was granted. The circuit court also modified the visitation provisions of the divorce decree to provide husband-father with "reasonable rights of visitation when the child is in Missouri or Illinois and the child shall not be removed overnight from the residence of the plaintiff (wife-mother) during said visitation." In June of 1971, husband-father was in relatively good health and employed as a sheet metal worker, earning $250 per week. He owned an automobile and was fully capable of driving. Under these circumstances, the visitation provisions of the divorce decree as modified in June of 1971 were reasonable. However, since that time, the circumstances have changed to such an extent that the June 1971 visitation provisions are no longer reasonable.

The circumstances changed in the spring of 1972, when husband-father lost his eyesight as a complication of diabetes. Husband-father is now legally blind, unable to drive, and unable to work. His only income is the $325 per month that he receives from the Social Security Administration. Social Security also pays wife-mother $178 per month, presumably for Rachael's benefit.

■■■ In matters of visitation and custody, a court's primary concern must be for the welfare of the child. (*Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300.) An important aspect of a child's welfare is the relationship between parent and child. It is in the best interest of a child to have a healthy and close relationship with both parents. *Keefer v. Keefer* (1969), 107 Ill. App. 2d 74, 245 N.E.2d 784.

Under the factual situation presented, the visitation provisions of the divorce decree as modified in June of 1971 are no longer reasonable, and the circuit court's refusal to modify them, as husband-father requested, was an abuse of discretion. In denying the modification requested by husband-father, the circuit court indicated it thought he should visit Rachael in Missouri to demonstrate that he was sincere in desiring to establish a relationship with his daughter. In the case at hand, the imposition of such a precondition is improper for two reasons.

■■ First, it indicates a desire on the part of the circuit court to punish husband-father for his past lack of attentiveness towards his daughter. Matters of visitation and custody are not to be used as means of punishing either parent. (*Malone v. Malone* (1955), 5 Ill. App. 2d 425, 126 N.E.2d

505; *Keefer v. Keefer* (1969), 107 Ill. App. 2d 74, 245 N.E.2d 784.) In such matters, the welfare of the child must be the primary concern of the court. *Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300.

■■ Secondly, the expense of visiting Rachael would place an unreasonable hardship on husband-father. He is a man of extremely limited financial resources. A trip to Missouri to visit his daughter would strain those resources beyond the breaking point. Such a trip would not only entail the expense of travel itself, but would also necessitate larger expenditures for food and lodging. The record before us reveals husband-father simply does not have the financial resources to meet such expenses. Therefore, we must conclude that if Rachael is to establish a relationship with her father, she must come to visit him in Illinois.

The circuit court expressed concern that Rachael would not have proper adult supervision during her visit to her father. However, the record before us does indicate that such supervision will be forthcoming. Husband-father lives in a duplex, with his parents occupying the other apartment. His parents are both in good health, and his mother has indicated a willingness to look after Rachael's needs during her visit. Furthermore, it should be noted that this adult supervision and Rachael's lodgings will be provided without placing any additional strain on husband-father's limited financial resources. The circuit court was correct in expressing concern over the adequacy of the adult supervision Rachael will receive during her visit to her father, and in modifying the visitation provisions of the divorce decree, the circuit court should seek assurances that adequate adult supervision will be provided.

In light of unique circumstances presented in this case, we hold that the circuit court abused its discretion in refusing to further modify the visitation provisions of the divorce decree as requested by husband-father. We therefore remand this cause to the circuit court of Du Page County, with instructions to modify the visitation provisions of the divorce decree in a manner consistent with the holdings of this opinion.

Remanded with directions.

SEIDENFELD and NASH, JJ., concur.