*In re* MARRIAGE OF CYNTHIA KAY UPHOFF, Petitioner-Appellant and Cross-Appellee, and DAVID MICHAEL UPHOFF, Respondent-Appellee and Cross-Appellant.

Fourth District   No. 4—82—0260

Opinion filed December 7, 1982.—Rehearing denied December 30, 1982.

GREEN, J., concurring in part and dissenting in part.

Duane D. Young, of Costello, Young & Metnick, of Springfield, for appellant.

Thomas J. Logue, of Glenn and Logue, of Mattoon, for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Both parties appeal from a judgment order of the circuit court of Coles County making a property distribution and awarding maintenance and child support. No appeal is taken from the order of dissolution.

Before proceeding to the merits of the case, we must first dispose of a question of this court's jurisdiction. The second part of the bifurcated proceedings commenced on September 1, 1981, and terminated with the final order, which is the subject of this appeal, entered on January 4, 1982. Both parties filed post-trial motions attacking various aspects of the order: the husband's (respondent-appellee and cross-appellant) was filed January 22, 1982; the wife's (petitioner-appellant and cross-appellee) was filed February 5, 1982; the trial court denied both motions on March 26, 1982; the wife filed her notice of appeal at 8:30 a.m. on April 22, 1982; the husband filed his notice of cross-appeal at 1:15 p.m. on the same date. This court, on its own motion, entered a rule to show cause on the wife as to why her appeal should not be dismissed: her post-trial motion was filed more than 30 days after final judgment and was therefore untimely under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3) now section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1203); the motion being untimely, the judgment was not stayed and a notice of appeal on April 22 from a judgment entered January 4 was likewise untimely. The wife filed a response to the rule which we have taken with the case.

The response in substance makes the argument that if any party files a post-trial motion, jurisdiction remains in the trial court and any party may then appeal within apt time following disposition of the motion; in short, a "coat-tail" argument. We do not agree. The response cites *City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 316 N.E.2d 653, and *Jurgens v. Eads* (1978), 67 Ill. App. 3d 52, 383 N.E.2d 1003, for this proposition. Those authorities are inapposite. In *DeKalb* both parties had filed timely post-trial motions and the question became whether one side could appeal while the other's motion was still pending and undisposed of below. This matter was settled by the supreme court in *Elliott v. Willis* (1982), 92 Ill. 2d 530. In *Jurgens* the court held that one side's motion filed 87 days after final judgment could not be considered by the trial court.

*Elliott* made clear that the trial court retains jurisdiction to dispose of all timely post-trial motions, even though the dispositions are *seriatim*. It did not say that the trial court retains general jurisdiction until all such timely motions are disposed of; in fact, in *Elliott* a notice of appeal had been filed following the ruling on the first post-trial motion considered by the trial court and the principal question was the status of other post-trial motions not yet considered. It did not alter the fundamental principle that after a final judgment is entered a party has 30 days in which either: (1) to appeal, or (2) to file a post-trial motion, or (3) to seek an extension of time in which to file a post-trial motion. We note in passing that in a nonjury case, such as the case at bar, a post-trial motion is not required, the statute being permissive; and under Supreme Court Rule 366(b)(3)(ii) (87 Ill. 2d R. 366(b)(3)(ii)) the scope of review is not limited either by the filing or the failure to file a post-trial motion.

It appears implicit in the wife's argument that she could not intelligently appeal until the husband's post-trial motion had been ruled upon. The remedy is specifically provided for in Supreme Court Rule 303(c)(4):

> "The notice of appeal may be amended without leave of court within 30 days after the entry of the judgment, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion." 87 Ill. 2d R. 303(c)(4).

For the foregoing reasons, the wife's appeal is dismissed for lack of jurisdiction in this court. We therefore construe the husband's cross-appeal, filed later on the same day, as an original appeal and consider the case on that basis.

The evidence demonstrated that the parties have acquired a very substantial amount of assets, something in excess of $550,000, but all of them are heavily encumbered, so that their net worth is about $28,000. This latter figure was found by the trial court and is not seriously disputed. The husband farms 670 acres which he rents; he has acquired a one-third interest in 195 acres of farm land, encumbered to the Federal Land Bank; he has a one-third interest in a seed company, the other interests being owned by his brothers; he owns considerable farm machinery; and there is a marital residence of moderate value, also largely encumbered.

The wife has not been employed outside the home, except for two brief periods, during the marriage. She has no employable skills. Three children were born to the marriage, two of whom were still minors on the date of the order.

Much evidence was received concerning the parties' income. The wife testified that she believed it to be from $40,000 to $50,000 per year. A certified public accountant, testifying on her behalf, stated that he had examined the parties' income tax returns and noted that income from farming operations fluctuated. As an example, he stated that their 1980 return showed income of only $1,766, but if grain had been sold in that year, the income would have been $127,000. He believed that their "disposable" income for the years 1977 through 1980 was between $45,000 and $48,000 annually.

The husband's brother, who has an accounting degree, testified on his behalf that he had examined the tax returns and that the "disposable" income after taxes averaged from $13,000 to $15,000 annually for the years 1977 through 1980.

In its judgment order the trial court found that the husband's income was "from $13,000 to $45,000 to $48,000," and that the net marital assets were $28,000. It then awarded $28,000 in marital assets to the wife, together with a 1981 automobile valued at $12,500. The remainder of the marital assets was awarded to the husband. Child support was fixed at $450 per month for each of two minor children with payments to be made to the clerk of the court. Maintenance for the wife was fixed at $600 per month with payments to be made to the clerk of the court. Use of the marital home was awarded to the wife and children with all expenses thereof, mortgage payments, taxes, insurance and repairs, to be paid by the husband. The $900 child support payment was to be reduced each month by two-thirds of the mortgage, tax and insurance payment, if made by the husband; the $600 maintenance payment was to be reduced by the remaining one-third of any such mortgage, tax and insurance payment. The hus-

band was ordered to assume and pay all of the debts of the wife. These amounted to about $17,360 which included approximately $5,200 in attorney fees and witness fees.

A variety of issues are raised on appeal, including the allocation of marital property, the allowance of maintenance and child support, the allowance of fees; but the principal issue on which all else depends, in our judgment, is the curious finding, in reality no finding at all, concerning the husband's income.

■ The Illinois Marriage and Dissolution of Marriage Act (the Act) requires that the trial court consider the ability of the husband to pay when making an award of maintenance or child support. Section 504(b)(6) of the Act (Ill. Rev. Stat. 1979, ch. 40, par. 504(b)(6)) lists as one of the factors to be considered in awarding maintenance "the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance." In similar fashion, section 505(a)(5) of the Act (Ill. Rev. Stat. 1979, ch. 40, par. 505(a)(5)) lists as one of the factors to be considered in awarding child support "the financial resources and needs of the noncustodial parent or parents."

■ These factors cannot truly be said to have been considered in the instant case when the finding regarding the husband's income is some indefinite figure between $13,000 and $48,000 per year. It requires only simple arithmetic to ascertain that the monthly payment of $1,500 is $18,000 annually; that would be 139% of a $13,000 income; at the high end it would be 37.5% of a $48,000 income. With such a spread there is no rational basis upon which a reviewing court can judge the propriety of the awards. It is analogous to a situation in which there has been a division of marital assets without any assignment of value. Compare *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488.

We are aware of the difficulty in fixing a sensible figure when a trial court is dealing with a fluctuating income; however, the task is not impossible and some figure must be arrived at in order to serve as a predicate for the ability to pay, which is what the statute requires. (*In re Marriage of Dwan* (1982), 108 Ill. App. 3d 808, 439 N.E.2d 1005.) This record is fraught with such concepts as "disposable income," "after-tax income," "living off depreciation," and other such *arcana*, but the trial court failed to make an ultimate judgment.

■ The same taint spreads to the division of assets. The husband, while admitting that an equal division is not required, argues that he received a negative $11,000 of debts over assets while the wife received $37,500 of assets over debts; contra, the wife argues that the

husband received all of the income-producing assets, while she received only dead assets. Neither proposition can intelligently be considered until the husband's income is determined.

We also note with disapproval the sliding scale used to determine the monthly payments. Just how the clerk could ever keep his records straight under this order escapes us. It is akin to other sliding scale awards which have been the subject of much appellate criticism. See *McManus v. McManus* (1976), 38 Ill. App. 3d 645, 348 N.E.2d 507; *Busby v. Busby* (1973), 11 Ill. App. 3d 426, 296 N.E.2d 585.

■ Finally, the husband complains about the requirement of his payment of the wife's attorney fees. Section 508 of the Act (Ill. Rev. Stat. 1979, ch. 40, par. 508) now speaks of notice and hearing on the matter, but we need not decide whether this requirement is mandatory. This record is totally devoid of any indication of the reasonableness of the fees. Without such evidence no fee award can stand. *In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 411 N.E.2d 947.

For all the foregoing reasons, the order of the circuit court of Coles County making a property distribution and awarding maintenance and child support is reversed. The cause is remanded to that court with directions to take additional evidence, if the court deems it necessary, and to enter a new order in conformity with the views expressed in this opinion.

Reversed and remanded with directions.

TRAPP, J., concurs.

JUSTICE GREEN, concurring in part and dissenting in part:

I concur in the decision to reverse the judgment and remand but dissent from the order to dismiss the appeal of petitioner.

Supreme Court Rule 303(a) (87 Ill. 2d R. 303(a)) states that, except in situations not involved here, a notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from, or, if *a* timely post-trial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the motion." (Emphasis added.) The rule speaks in terms of *"a"* post-trial motion and does not say that the motion must be that of the appellant. When a post-trial motion is timely filed and denied, subsequent appeals are from the underlying final judgment and not from the ruling on the post-trial motion, although errors in the ruling on the post-trial motion may be considered. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 258, 422 N.E.2d 610, 612.) Here, petitioner filed a notice of appeal

which, by operation of law, was from the final judgment entered. It was filed within 30 days after the ruling on respondent's post-trial motion which was "a timely post-trial motion directed against the judgment." By the express wording of Rule 303(a) petitioner's notice of appeal was timely filed.

Had respondent's cross-appeal, treated by the majority as a notice of appeal, been originally designated as such, petitioner would have had 10 days from its filing to file a cross-appeal by the terms of Rule 303(a). As the trial was at bench, she could have raised by cross-appeal, any claim of error she wished. Thus, it would not appear that there is any compelling policy requirement that requires she not be permitted to file a notice of appeal merely because it was not filed within 30 days of a ruling upon a post-trial motion filed by her. Apparently, the precise question in issue here has never been ruled upon before. Certainly, *Elliott* does not require a holding that petitioner's notice of appeal was not timely. Absent either precedent or compelling policy reason, we should not do so when our holding is contrary to the express wording of Rule 303(a).