Carla K. TAYLOR, Appellant,

v.

Jay G. TAYLOR, Appellee.

No. 59188.

Court of Appeals of Oklahoma,
Division No. 3.

Jan. 10, 1984.

Released for Publication by Order of
Court of Appeals Feb. 17, 1984.

Robert E. Walker, Oklahoma City, for appellant.

William Murphy, Oklahoma City, for appellee.

CHARLES M. WILSON, Judge:

Carla Taylor appeals the portion of the trial court's post divorce order changing custody of seven year old Cerita. The challenged portion states:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court after due consideration and deliberation and taking into consideration testimony of all witnesses sworn in open Court as well as the wishes of the minor child, that it would be in the best interests of the minor child namely CERITA GENEVIEVE TAYLOR, if the Defendant's Motion To Modify custody was sustained and therefore it is Ordered, Adjudged and Decreed by the Court that the complete and full care, custody and control of said minor child be awarded to the Defendant, namely, JAY G. TAYLOR, the natural father of said minor child.

Carla and Jay's marriage was terminated in 1978. The Decree of Divorce gave Carla custody of Cerita and Jay the "right of visitation at any and all reasonable times and places." In March of 1981, Jay filed a Motion to Modify and an Application for contempt Citation. A May 8, 1981 Journal Entry reflects the court's adoption of the parties' agreement specifically delineating a visitation schedule. On December 23, 1981, Jay filed a second Motion to Modify and Application for Contempt Citation. The parties agreed to consolidate the motion and citation for a hearing on the merits.

The transcript shows Carla, Jay and Jay's mother testified. Jay offered eight exhibits. The court interviewed Cerita. However, the statements made during the visit are not shown in the transcript or narrative statement.

Announcing its decision, the trial court approved and adopted a revised schedule of liberal communication, alternating holidays and two months of visitation during the summer with the non-custodial parent. The court then found Carla in contempt for failure to comply with the orders of the court relating to Jay's visitation with his daughter. Punishment for contempt was deferred on the condition Carla cooperates with visitation. Carla seeks no relief from these orders of the trial court.

On appeal, Carla urges the trial court abused its discretion by changing custody in the absence of any evidence indicating a material, permanent, and substantial change in circumstances or condition directly affecting Cerita. She asserts that the trial court ordered the change of custody to punish her for her contemptuous conduct.

■ A change of custody should not be decreed to punish a parent for contempt, however such conduct may be considered in determining the child's welfare. *Young v. Young*, 383 P.2d 211 (Okl.1963). Similarly, a parent may not refuse to pay child support to redress the custodial parent's refusal to permit visitation. *Hester v. Hester*, 663 P.2d 727 (Okl.1983).

The general rule has been that the failure of a mother to permit visitation by a father will not in itself warrant a change of custody. 24 Am.Jur.2d *Divorce and Separation*, § 811. Nevertheless, an early Oklahoma case held that the divorce court may change the custody of the child in an extreme case of denial of visitation rights. *Copeland v. Copeland*, 58 Okl. 327, 159 P.2d 1122 (1916). The Court considered the issue again in *Pirrong v. Pirrong*, 552 P.2d 383 (Okl.1976). The Court noted the modification hearing was held shortly after the divorce hearing. The Court held:

If the trial court in a subsequent hearing finds the appellant has continued to violate its orders on visitation, and such persistent violations have affected the welfare of the children, then, in that

event, we would have no hesitancy approving a change of custody.

Recent cases from other jurisdictions recognize the importance of protecting and nurturing familial relationships in post divorce cases through visitation, so long as the visitation is not detrimental to the child's welfare. *See Courten v. Courten*, 92 A.D.2d 579, 459 N.Y.S.2d 464 (1983); *Frail v. Frail*, 54 Ill.App.3d 1013, 12 Ill. Dec. 680, 370 N.E.2d 303 (1977); *M.L.B. v. W.R.B.*, 457 S.W.2d 465 (Mo.App.1970). In protecting these visitation rights, courts have recognized that the custodial parent's recalcitrance alone may be grounds for changing custody. *Lopez v. Lopez*, 97 N.M. 332, 639 P.2d 1186 (1981); *Marriage of Ciganovich*, 61 Cal.App.3d 289, 132 Cal. Rptr. 261 (1976). The custodial parent's refusal to positively cooperate with visitation has been characterized as an act "inconsistent with the best interest of the child." *Entwistle v. Entwistle*, 61 A.D.2d 380, 402 N.Y.S.2d 213 at 215–216 (1978).

In the case at bar, we find a four and one half year period between the divorce and modification hearings. The evidence showed the trouble started about two years after the original custody order when Carla moved from Oklahoma City to Colorado without notifying Jay. Jay learned of her move when he came to Oklahoma City for his usual visitation. When "reasonable visitation" became impossible, Jay filed his first motion to modify. Despite the agreement for specific visitation, memoralized by the May 8, 1981 Journal Entry, trouble persisted. Communication was impeded by a variety of variables including Carla's remarriage. Jay then filed his second Motion to Modify and Citation in December 1981. The record contains a letter dated June 1, 1982 from Judge Manning to Carla strongly urging her to comply with the visitation arrangements of the May 8, 1981 Journal Entry. Even after that, Jay had to obtain a court order in Colorado to obtain Cerita for his visitation.

Though there was conflicting evidence presented at the hearing by the parties, we find the passage of time, the parties' change of living arrangements and their patterns of conduct established a change of circumstances. We conclude that the evidence showed an extreme case of denial of visitation rights. The trial court's decision that it would be in Cerita's best interests to change custody of her to her father was not against the weight of the evidence. Thus, no grounds for disturbing the court's judgment is manifest. *Carpenter v. Carpenter*, 645 P.2d 476 (Okl.1982).

The portion of the order awarding custody of Cerita to her father is AFFIRMED.

HOWARD, P.J., and HUNTER, J., concur.