*In re* MARRIAGE OF SUSAN (CAMERON) GRIFFITHS, Petitioner-Appellee, and RICHARD GRIFFITHS, Respondent-Appellant.

Fourth District   No. 4—84—0164

Opinion filed August 28, 1984.

Richard J. Griffiths, of Menard, for appellant, *pro se.*

R. Mark Mifflin, of Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, P.C., of Springfield, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The parties' marriage was dissolved in July 1980. On October 17, 1980, custody of the parties' only child, who was born January 8, 1979, was awarded to the petitioner mother and the court reserved issues of child support and visitation by the respondent father. Respondent was subsequently convicted of the offenses of murder, aggravated arson, and arson, and sentenced to 40 years' imprisonment for murder and 30 years' imprisonment for aggravated arson. (*People v. Griffiths* (1983), 112 Ill. App. 3d 322, 445 N.E.2d 521.) On August 25, 1983, respondent filed a petition for modification of the dissolution of marriage decree to order visitation rights with his son at the Menard Correctional Center, where he was then incarcerated. His petition was heard and denied on December 15, 1983, with a written order entered on February 15, 1984. Respondent appeals from the judgment of the circuit court of Macoupin County. We affirm.

The defendant's petition for visitation rights requested that his parents, the paternal grandparents, be allowed custody of his son on the first and last Sundays of each month to transport him to the facility where the respondent is incarcerated for purposes of visitation, or for such other relief as the court might find just and proper. The petition stated that there are facilities at Menard to accommodate the visits of young children and that children of four years of age and younger do visit relatives at the facility. The common law record reflects that the respondent appeared *pro se* at the hearing on his petition. Petitioner appeared with counsel, and evidence was presented by the parties. The petition was denied and the respondent granted the right to reinstate the petition at a later date.

The trial court's written order denying respondent's petition for visitation rights referenced the language of section 607(a) of the Illi-

nois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 607(a)), which provides in pertinent part: "A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral or emotional health." The court stated that respondent's present incarceration was for his conviction of arson and the murder of the uncle of the parties' minor child. The court expressly found that to grant the petition and permit visitation between the respondent and Cory Jay Griffiths would endanger seriously the child's mental or emotional health. The court stated that in making its findings it had taken into consideration all appropriate factors designated by the Illinois Marriage and Dissolution of Marriage Act, together with all other considerations specified in its statements made in open court on December 15, 1983.

On appeal, respondent relies on *Frail v. Frail* (1977), 54 Ill. App. 3d 1013, 370 N.E.2d 303, wherein the reviewing court affirmed a trial court's order directing periodic visits between an incarcerated mother and her minor children. Respondent notes that the *Frail* opinion referred to the fact that the record reflected testimony that physical arrangements could be made at the site of the mother's incarceration in a nonprison atmosphere. He states that there was similar testimony presented in this cause. He urges that the trial court did not find him unfit to have visitation rights with the minor child and that the court did not state specific reasons for its finding that visitation would endanger seriously the child's mental or emotional health.

■ A transcript of proceedings at the hearing on this petition has not been made a part of the record. Neither has the defendant prepared an agreed statement of facts pursuant to Supreme Court Rule 323(d) (87 Ill. 2d R. 323(d)). Ordinarily, a presumption exists that the omitted report of proceedings justifies the order from which the appeal is taken and any incompleteness will be resolved against an appellant. *In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108, 421 N.E.2d 1308.

The trial court made the finding of endangerment required by section 607(a) in denying the petition. In this respect, this case is to be distinguished from *Griffiths v. Griffiths* (1984), 127 Ill. App. 3d 126, wherein the divorce decree granted reasonable visitation and the defendant father sought a modification ordering visitation at the place of his incarceration. That petition was assessed pursuant to the language of section 607(c) of the Act, *i.e.*, the best interests of the child.

■ Where, as here, the judgment order recites that the court

considered all appropriate factors designated by the Act, and contains the requisite finding of endangerment, a reviewing court must presume that the evidence heard was sufficient to support the judgment absent any contrary indication appearing in the record. (*In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1008, 421 N.E.2d 1308.) That the place of incarceration has facilities for visits with children in a nonprison atmosphere does not dictate that visitation be granted in all cases.

Affirmed.

GREEN and WEBBER, JJ., concur.