28 October 1999

NO. 4-99-0275

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: the Parentage of AMIE LYNN SIMS; ) Appeal from

ROSA EASLEY, ) Circuit Court of

Petitioner-Appellee,     ) Morgan County

v. ) No. 93F124

SCOTT C. SIMS, ) 

Respondent-Appellant.    ) Honorable

) Tim P. Olson,

) Judge Presiding.

_______________________________________________________________

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Respondent, Scott Sims, appeals from the order of the circuit court of Morgan County denying his petition for modifica

tion of a temporary order in a parentage action to order visita

tion rights with his daughter at the Illinois River Correctional Center, where respondent is presently incarcerated.  We affirm.

A child was born to the parties, respondent and peti

tioner, Rosa Easley, on October 17, 1993.  A petition and order establishing Sims as the child's natural father was filed and entered on November 9, 1993.  On March 17, 1997, the court entered an agreed order, titled "Order for Temporary Relief," establishing that Easley would have sole custody of the child while Sims was given visitation every Wednesday evening and alternate Saturdays and Sundays.  He was also ordered to pay child support.

On January 19, 1999, Sims filed a motion to modify the temporary order and order visitation of once per month at the correctional center where he now resides for the duration of his incarceration.  He also filed a motion to modify his child support obligation.  A hearing on those motions was held on March 17.  At that time both parties appeared 
pro
 
se
.  Sims requested the trial court to subpoena two witnesses he wanted to call in his behalf and asked the court for a continuance so that they might be subpoenaed.

The trial court informed Sims he was representing himself and it was his obligation to subpoena witnesses and not the job of the court.  When Sims requested a continuance to get his witnesses subpoenaed, the trial court asked him where the visitation he was seeking would take place.  Sims told him he was requesting visitation at the Illinois River Correctional Center.  The trial court stated it was not going to allow that.  It then asked Sims who would take the child to the correctional center.  Sims replied his mother would.

The trial court then asked Easley if she was aware of these plans.  She replied she was but if her daughter was 
required
 to go to the correctional center, she preferred to take her there herself.  However, Easley then stated her opposition to the visitation because she did not think the correctional center was a place her five-year-old daughter needed to go.

The trial court then stated it was not going to order a child to visit with a parent on a forced basis while that parent was in prison.  The court reminded Sims he brought this situation on himself by doing something to get himself incarcerated.  The court stated a prison setting was not a proper place for forced visitation.

The trial court stated it would allow reasonable visitation by telephone, which was apparently already happening.  The trial court also abated Sims' child support obligation during his incarceration.  Sims then filed a timely notice of appeal.

When a noncustodial parent seeks to modify visitation rights, that parent has the burden of showing the modification is in the best interest of the child.  
Griffiths v. Griffiths
, 127 Ill. App. 3d 126, 129, 468 N.E.2d 482, 485 (1984).  To restrict visitation, the burden is on the custodial parent to prove the visitation endangers the welfare of the child.  
Griffiths
, 127 Ill. App. 3d at 129, 468 N.E.2d at 485.  

Sims was originally awarded visitation, and the exer

cise of that right has been interrupted by circumstances not under the control of either Easley or the trial court.  Modifica

tion of visitation rests within the sound discretion of the trial court and, absent abuse, will not be disturbed on review.  
Fedun v. Kuczek
, 155 Ill. App. 3d 798, 804, 508 N.E.2d 531, 535 (1987).

Imprisonment of a parent need not always cause visita

tion between that parent and his or her child to be barred or restricted (see 
Frail v. Frail
, 54 Ill. App. 3d 1013, 1015, 370 N.E.2d 303, 305 (1977)), but a parent's imprisonment also does not create an automatic
 right to visitation at a prison.  
Woods v. Woods
, 147 Ill. App. 3d 772, 775, 498 N.E.2d 906, 909 (1986); 
Griffiths
, 127 Ill. App. 3d at 129, 468 N.E.2d at 484.  

Sims argues visitation should be allowed here because he had a close relationship with his daughter and it would be in her best interest to bring her to the correctional center so he can continue in-person contact with her.  He cites the decision in 
Frail
 as supporting his position.  The 
Frail
 case seems to be the only reported case in Illinois allowing visitation with a parent at a correctional center.  It does not support respon

dent's position, however.  

In 
Frail
, the mother of minor children had custody of her children after dissolution of her marriage to the children's father.  She was later imprisoned for the murder of her second husband.  At that time, her first husband obtained custody of the children with the mother's visitation rights reserved until such time as she could exercise them.  
Frail
, 54 Ill. App. 3d at 1014, 370 N.E.2d at 304.  While serving her sentence, the mother filed a petition for visitation with her children.  The trial court's grant of visitation was affirmed on appeal.  
Frail
, 54 Ill. App. 3d at 1016, 370 N.E.2d at 305.  The basis for visitation was the strong parent-child relationship that had been established between the mother and her children when she was the custodian prior to her incarceration.  The court found eliminating the possibility of an ongoing relationship between mother and chil

dren was not in their best interests.  Further, the court found the facilities for parent-child visitation at the Dwight Correc

tional Center, where the mother was serving her sentence, were such that a nonprison environment was available for the visits.  
Frail
, 54 Ill. App. 3d at 1015-16, 370 N.E.2d at 305.

The circumstances in this case are nothing like those in 
Frail
.  In this case, the trial court made no explicit finding it was not in the best interests of respondent's daughter to have visits with him at the correctional center.  However, unlike the petitioner in 
Frail
, the incarcerated parent here presented no evidence concerning the relationship that existed between himself and his daughter.  There was no evidence of the facilities available for visitation, how the visitation would occur or who would transport his daughter, or the distance the child would be required to travel.  He failed to sustain his burden of proving it was in his five-year-old daughter's best interests to have visits with him in prison
.  
Woods
, 147 Ill. App. 3d at 775-76, 498 N.E.2d at 909; 
Griffiths
, 127 Ill. App. 3d at 130, 468 N.E.2d at 485.  The trial court did not abuse its discretion in denying Sims' request for visitation between his daughter and himself at the correctional center where he currently resides.

Affirmed.

COOK and STEIGMANN, JJ., concur.