Cathy L. BOUCHER, now Cathy L. Ryan, Appellant,

v.

Clay BOUCHER, Appellee.

No. 69213.

Court of Appeals of Oklahoma, Division No. 3

March 21, 1989.

Douglas M. Gierhart, Gierhart & Sage, Shawnee, for appellant.

Gary K. Jay, Shawnee, for appellee.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Upon consideration of the briefs, exhibits and record in the above styled matter, the Court FINDS that:

1. Appellant seeks review of the Trial Court's order granting Appellee's Motion to Modify custody of the parties' minor child, Z.D.B., by which the Court awarded sole custody and control of the child to Appellee. The parties were divorced in the Pottawatomie County District Court in December, 1985. Appellant was awarded custody of Z.D.B., subject to visitation by Appellee. In February, 1986, Appellant wanted to go to California, ostensibly to look for employment. Appellee testified that Appellant told him she was going to Tulsa.

2. Appellant left the child with one of her friends, after Appellee allegedly refused to keep Z.D.B. in the interim. Appellee testified that he agreed to keep the child, but that the person who was to deliver the child failed to deliver as agreed. Appellee located that child one day before Appellant returned from California, and took him home with him. Upon Appellant's return, an altercation erupted, and Appellant left with the child.

3. Appellee testified that he was concerned that Appellant would secret the child from him, and sought injunctive relief to restrain removal of the child from the state; his request was denied. Appellee discovered several weeks later that Appellant had in fact moved. Appellant testified that she told Appellee where she was going; Appellee testified that he had no idea where his ex-wife and child had gone.

4. Appellee thereafter apparently hired "several" private investigators in an attempt to locate his child, and listed the child with Missing Children. In December, 1986, Appellee filed his Application for Citation for Contempt and Motion to Modify, alleging that Appellant had apparently left the jurisdiction, and that the whereabouts of Appellee and the child were unknown. The Court granted an *ex parte* order granting temporary custody of Z.D.B. to Appellee.

5. Appellee located Appellant in California in April, 1987, and armed with the temporary custody order, regained custody of the child. Appellant then apparently returned to Oklahoma, and filed her Special Appearance, Objection to Jurisdiction and Motion to Quash, asserting that the Oklahoma Courts had no jurisdiction under the Uniform Child Custody Jurisdiction Act, 10 O.S.1981 § 1605 (UCCJA). On April 23, 1987, the Court held a hearing on Appellant's objections, and found in essence that Appellant had secreted the child from Appellee. The Court found the removal of the child to California constituted "reprehensible conduct" under 10 O.S. § 1610(A), and that to sustain Appellant's jurisdictional objection would be to frustrate the clear intent of the UCCJA. The Court overruled Appellant's jurisdictional objections.

6. On June 15, 1987, the Court conducted hearing on the merits of Appellee's Motion to Modify. The Court found a substantial change of condition, on account of which, the child's best interests would be better served if custody were awarded to Appellee, and granted sole custody of the child to Appellee. On appeal from that order, Appellant alleges (1) error in overruling her jurisdictional objections, and (2) failure of proof of the requisite elements justifying a change of custody.

7. Under the circumstances of this case, we find no error by the Trial Court in overruling Appellant's jurisdictional objections. The Court found Appellant's allegation that she had informed Appellee of her whereabouts "incredible," and specifically found Appellant's acts of secreting the child in California to constitute "reprehensible conduct." The purposes of the UCCJA recognize the intent of the Act to *limit*, not *proliferate*, appropriate fora. See, 10 O.S. § 1602; see also, Official Comment, 9 *Uniform Laws Annotated*, § 1, p. 124. We agree with the Trial Court that to adopt Appellant's position, and thus to allow her to secret the children in another state for the requisite "home state" period under § 1605(A), would clearly frustrate the intent of the UCCJA. Previous to Appellant's flight to California, the Oklahoma courts clearly had and retained jurisdiction over the matter under 10 O.S. § 1605(A). We will not allow Appellant to frustrate the continuing jurisdiction of the Oklahoma courts over this child custody matter by secreting the child in a sister state. 12 O.S.1981 § 1277. We therefore reject this allegation of error.

8. In her second proposition of error, Appellant asserts the failure of appellee's proof of the requisite elements to warrant a change of custody. See, *Gibbons v. Gibbons*, 442 P.2d 482, 485 (Okl. 1968). However, Appellant has failed to demonstrate by competent evidence in the record, how the Trial Court's ruling was contrary to the best interests of Z.D.B. *Gorham v. Gorham*, 692 P.2d 1375, 1378 (Okl.1984). The Trial Court heard all the evidence, and properly considered the evidence regarding Appellant's acts in moving to California, thereby depriving Appellant of his lawful visitation. See, e.g., *Hornbeck v. Hornbeck*, 702 P.2d 42 (Okl.1985); *Taylor v. Taylor*, 676 P.2d 867 (Okl.App. 1984); but cf., *Pirrong v. Pirrong*, 552 P.2d 383 (Okl.1976). The Trial Court announced his findings of substantial change of condition on the record, and his findings of fact are supported by the evidence adduced.

No reversible error of law appears and the findings of fact by the Trial Court are supported by sufficient evidence. The order of the Trial Court is therefore AFFIRMED. Rule 1.202(b), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

GARRETT, P.J., and REYNOLDS, J., concur.