Martin Amos **MILES, Appellee/Counter Appellant,**

v.

Becky **YOUNG, Appellant/Counter Appellee.**

No. 75537.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 1, 1991.

Keith Sims, Pawhuska, for appellant.

**1260**

Bransford H. Shoemake, Pawhuska, for appellee.

OPINION

**HANSEN, Presiding Judge:**

Appellant Becky Young (Young), and Appellee Martin Miles (Miles), are the natural parents of one child, Tiffany. The parties have never been married to each other, but stipulated to Miles' paternity. The child was born during Young's marriage to a third party, whom Young married while pregnant. At the time of Tiffany's birth, in August 1982, Young was fifteen and Miles seventeen.

Miles' paternity was determined by blood testing in October 1984, when custody of the child was contested at the time of Young's divorce from the third party. The record indicates Miles' contact with the child was minimal until approximately August 1988, when regular visitation began by agreement. Prior to that time, Miles had spent some time with the child at Miles' mother's home, where the child had visited from an early age.

In December 1988, the parties agreed Tiffany should reside with Miles and his wife. Young asserts this arrangement was reached because she was experiencing financial difficulties and was planning a move to Arkansas. She further asserts Tiffany was to return to live with her after the spring school semester. Miles contends Tiffany was having academic problems at the time she came to live with him, and the agreement was that if Tiffany did well in school, she would remain with him.

At the end of April 1989, Young, without Miles' knowledge or agreement, had Tiffany returned to her in Arkansas while Tiffany was visiting with Young's mother over a

weekend. In early June 1989, Tiffany returned to stay with Miles until about July 2, 1989. This visit was by agreement.

On June 29, 1989, Miles filed his Petition for Custody of Child, which initiated this action. Miles asked the trial court to either grant him custody of Tiffany, or alternatively, to award him "liberal rights of visitation". Pending trial on the merits Miles was awarded temporary custody, with Young to have visitation at her home in Arkansas.

Shortly after the temporary custody order, Young filed a Motion to Dismiss Petition. She argued the action was in reality one to establish paternity, with venue being in the county where the mother resides. When Young changed counsel, she filed a second Motion to Dismiss. She again initially asserted lack of venue, arguing this was a paternity action. However, in a subsequent brief she added, as a ground for dismissal, lack of jurisdiction under the Oklahoma Uniform Child Custody Jurisdiction Act (UCCJA).[1]

The trial court denied Young's motions, providing detailed findings of fact and conclusions of law supporting its decision to exercise jurisdiction. After a hearing on the merits, with testimony from twenty witnesses over a period of three days, the trial court granted custody to Miles, subject to reasonable visitation by Young. The trial court further held Young was not required to pay child support until she was able to obtain gainful employment. Both Young and Miles appeal from the trial court's judgment.

Young first alleges the trial court erred in finding it had jurisdiction under the UCCJA. The prerequisites for such jurisdiction are found at 10 O.S.Supp.1982 § 1605.[2] The various conditions in § 1605

**1.** 10 O.S.Supp.1982 §§ 1601 et seq. (now renumbered 43 O.S.Supp.1990 §§ 501 et seq.)

**2.** 10 O.S.Supp.1982 § 1605 (now renumbered 43 O.S.Supp.1990 § 505) *Prerequisites for Jurisdiction* (in relevant part)

A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

**1.** ........
**2.** It is in the best interest of the child that a court of this state assume jurisdiction because:
  a. the child and his parents, or the child and at least one contestant, have a significant connection with this state, and
  b. there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships, or ...

are alternative, and if the requirements of any of them are met, an Oklahoma court has jurisdiction. *Holt v. District Court for the 20th Judicial District, Ardmore, Carter County,* 626 P.2d 1336 (Okla.1981).

In its Order denying Young's motions to dismiss, the trial court expressly found it had jurisdiction under 10 O.S.Supp.1982 § 1605, subsections 1605(A)(1)(a); 1605(A)(2)(a) & (b); 1605(A)(4)(a) & (b) and 1605(D). Because these jurisdictional grounds are alternative, we need only find one to be properly applied. In doing so, we do not hold the others to be inappropriate.

We are particularly persuaded by the trial court's finding of jurisdiction in accordance with 1605(A)(2)(a) & (b). For the following reasons, we find both parties and the child "have a significant connection with this state", that substantial material evidence is available here, and that it was in the best interest of the child for the Oklahoma court to assume jurisdiction.

The record reveals Tiffany, at the time of the trial court's judgment, had resided in Oklahoma all of her seven years, except for the one month period and short visitation periods with Young in Arkansas. Her schooling and medical care were in Oklahoma, as were relevant records and witnesses. Other witnesses, both in Miles' family and those who had known both parties, were in Oklahoma.

Miles resided in Oklahoma at all relevant times regarding this case. Young had resided in Oklahoma all of her life, other than a few months in Arkansas just preceding this action. The only evidence in any jurisdiction other than Oklahoma was the testimony of Young's immediate family, themselves only having lived in Arkansas for a short time.

Young's argument that the trial court erred in relying on "past history" to be found in Oklahoma in assuming jurisdiction is clearly without merit. Present and future care is determined largely on the basis of past care. See, *G.S. v. Ewing,* 786 P.2d

B. ...
C. ...
D. The controlling criterion for awarding custody by a court of this state shall always be

65 (Okla.1990). Additionally, Young fails to direct us to evidence from any other jurisdiction which is more probative of Tiffany's present and future care than that to be found in Oklahoma.

Young next alleges error in the trial court's decision to *exercise* jurisdiction after it had determined it could do so. Oklahoma has adopted a two-step approach in determining whether to exercise jurisdiction in UCCJA cases. *Holt v. District Court,* 626 P.2d at 1341. The trial court must first decide if it has jurisdiction, and then if it should exercise that jurisdiction. The UCCJA itself provides authority for the court to decline to exercise jurisdiction in §§ 1609 and 1610. Young relies on both for support of her argument that the trial court should not have exercised its jurisdiction.

Under § 1609, a trial court may decline to exercise its jurisdiction if it finds:

It is an inconvenient forum to make a custody determination under the circumstances of the case *and* that a court of another state is a more appropriate forum. (emphasis added)

In consideration of the statutory factors found at § 1609(C)(1)–(5), and the relevant facts set forth in the discussion above, we are not persuaded the Oklahoma court is an inconvenient forum, nor that the Arkansas court would be more appropriate.

■ Section 1610 states:

If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court *may* decline to exercise jurisdiction if this is just and proper under the circumstances. (emphasis added)

The statutory language makes obvious the intent to allow the court to exercise its jurisdiction in its discretion, reserving its right to decline jurisdiction in those instances of "reprehensible conduct", and then only if it is in the best interests of the child.

what is in the best interest of the child, other statutory provisions merely being factors which may be considered.

See, *Holt v. District Court,* 626 P.2d at 1341, note 16.

However, also to be considered is that the Supreme Court has effectively amended § 1610. In *Holt v. District Court,* at 1341, the court found a trial court was also justified in declining to exercise jurisdiction where the petitioner improperly retained custody after visitation.

We nevertheless find no abuse of the trial court's discretion in choosing to exercise jurisdiction.

■ First, the record does not establish Miles' was legally obligated to return Tiffany to Young after the June visitation. As a matter of law, Miles' custody rights were equal to Young's at the time he filed his Petition. The trial court held, and we agree, Miles had complied with 10 O.S.1981 § 55 in "adopting" Tiffany so that she was "deemed for all purposes legitimate" from the time of birth. Miles was then obligated as a parent, with concomitant rights of custody. *Allison v. Bryan,* 21 Okl. 557, 97 P. 282, 18 L.R.A.,N.S. 931, 17 Ann.Cas. 468 (1908).

The record supports a finding Miles was motivated by concern for the well being and education of Tiffany.. There is no evidence of the type of personal animosity between the parties which might give rise to spiteful action, using the child to hurt the other party. There was no other action pending, so Miles was not acting to frustrate the exercise of jurisdiction by another court. *Boucher v. Boucher,* 771 P.2d 242 (Okla.App.1989).

Miles acted reasonably to have the custody question resolved. He did not secrete Tiffany, and allowed her to visit Young in Arkansas after the temporary custody order. We do not find Miles' actions, when viewed in totality, to be the "reprehensible conduct" contemplated in § 1610. Neither do we find an abuse of discretion in the trial court's decision to exercise jurisdiction.

■ As her third proposition of error, Young alleges the trial court erred in "changing" custody when Miles failed to prove the allegations in his Petition. Specifically, Young argues Miles did not prove she was unfit to "retain" custody and that he also did not prove change in material and substantial circumstances. This argument incorrectly presupposes Young alone was entitled to custody at the time Miles filed his Petition.

We have found Miles was entitled to custody as if Tiffany had been legitimate from time of birth. While there had been an earlier divorce action between Young and her first husband, this was the initial custody determination between these parties, not a modification requiring proof of a change in material and substantial circumstances.

■ The court may award custody to either parent, or both parents jointly, according to the best interests of the child. 10 O.S.Supp.1988 § 21.1. There was no requirement here for the trial court to base its judgment on a finding of unfitness.

Similarly, Young's next proposition, which relies on the statutory preference for the mother of a child born out of wedlock,[3] is ill-founded. Upon Miles' compliance with 10 O.S.1981 § 55, Tiffany was by law no longer treated as if born out of wedlock. In such case, the trial court may not prefer a parent as custodian because of gender. 43 O.S.Supp.1987 § 112(C)(3)(b).

Young's fifth proposition merely reiterates her previous argument of trial court error in changing custody in the absence of proof of Young's unfitness. The trial court was not obliged to make such finding. In a case with facts very similar to the facts we find before us, the Arizona Court of Appeals found no error where the trial court determined both parents were fit to exercise custody, but awarded custody to the father. *Orezza v. Ramirez,* 19 Ariz.App. 405, 507 P.2d 1017 (1973). This case is a useful analog in that the mother sought to

---

**3.** 10 O.S.Supp.1989 § 6—Custody of Children Born out of Wedlock
Except as otherwise provided by law, the mother of an unmarried minor child born out of

wedlock is entitled to the care, custody, services and earnings and control of such minor.

rely on the "tender years doctrine," which gives preference to the mother in awarding custody of young children.

In an action of equitable cognizance, such as this, we will weigh the evidence, but will not disturb the trial court's judgment in the absence of abuse of discretion. *Gorham v. Gorham,* 692 P.2d 1375 (Okla. 1984). Further, in custody cases we will ordinarily give deference to the trial court, who observes the demeanor of the witnesses. *Fast v. Fast,* 787 P.2d 1288 (Okla.App. 1989).

Without reciting the extensive evidence, our review of the record reveals the trial court's award of custody to Miles was fully supported. There was no abuse of discretion.

Finally, as to the last of Young's contentions, she argues the trial court erred in considering Tiffany's Indian heritage as a basis for custody. This was only one of a number of factors the trial court recited in its in-court explanation of the judgment. Even if consideration of this factor were error, and we do not find that it is, Young fails to establish it materially affected the outcome.

As his first contention on cross-appeal, Miles alleges the trial court erred in finding Young to be a proper person to have custody of Tiffany. However, Miles does not explain how the trial court's determination harms him, nor is such harm obvious from the record. Without such enlightenment, we decline to speculate.

Miles also contends the trial court erred in not awarding him attorney fees and costs. He acknowledges there is no apparent statutory authority for such an award here, and that the general rule in Oklahoma is that statutory authority is required. However, Miles claims attorney fees and costs may be awarded where a party acts in bad faith, vexatiously, wantonly or oppressively, citing *In re Estate of Katschor,* 637 P.2d 855 (Okla.1982).

*Katschor* is of questionable support for Miles' contention under the facts here. Additionally, we find Young acted reasonably in moving to dismiss the action under the UCCJA. While we do not agree with her conclusions, her contentions regarding jurisdiction are nonetheless arguable. We find no bad faith, and without statutory authority or contractual obligation, the trial court was correct in ordering both parties to pay their own attorney fees and costs.

Lastly, Miles asserts Young should have been ordered by the trial court to pay child support. In its order, the trial court found Young unable to pay child support because she was unemployed, but ordered her to notify Miles and the court when she became employed so a child support computation could be made under statutory guidelines.

Miles cites several legal authorities, only one of which is of apparent application under the facts here—43 O.S.Supp.1990 § 118. Section 118, which sets out our child support guidelines, provides for deviation from the guidelines when ordering support would be "unjust, inequitable, unreasonable or inappropriate". Under the circumstances of this case, we do not find deviation is improper.

Additionally, if the trial court had erred in not ordering Young to immediately start paying child support, such error would have been invited by Miles and therefore not subject to being raised on appeal. *Home–Stake Production Company v. Minnis,* 443 P.2d 91 (Okla.1968). We note the following colloquy when Miles was being examined by his counsel at trial:

Q. If you were given custody of Tiffany, Mr. Miles, are you asking the Court for support to be paid by Becky?

A. No.

While the child support order was conditional, it was in fact more than Miles had requested. He should not now be heard to complain.

Finding no error, the judgment of the trial court is AFFIRMED.

HUNTER, C.J., and JONES, J., concur.