**DEPARTMENT OF HUMAN SERVICES, ex rel. Sheila MARTIN, Plaintiff/Appellant,**

v.

**Russell Kevin CHRONISTER, Defendant/Appellee.**

No. 88058.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 1, 1997.

---

Douglas G. Dry, Wilburton, for Appellant.

John Constantikes, McAlester, for Appellee.

## OPINION

GARRETT, Judge:

¶ 1 On behalf of Appellant Sheila Martin, Appellant Department of Human Services (DHS), filed a Petition for Determination of Paternity and Payment of Child Support against Appellee, Russell Kevin Chronister. DHS alleged it had furnished support for Dependent Children and was entitled to judgment for support already expended in the amount of $7,497.00. At the same time, an Agreement to Take Genetic Testing and Agreement as to Paternity Determination was filed. The tests established that Chronister was the child's father. He filed a motion for custody of the child. The trial court granted custody to him, subject to her visitation rights. Martin filed a motion for new trial which was overruled. She appeals the trial court's order overruling her motion for new trial.

¶ 2 Chronister moved to dismiss the appeal because issues raised on appeal were not raised in the motion for new trial. The motion to dismiss is denied. However, issues on appeal will be limited to those raised in Martin's motion for new trial.[1]

¶ 3 Martin contends the court used the wrong standard of proof in awarding custody to Chronister. She contends the court awarded custody using "the best interests of the child" standard, as if custody were being awarded for the first time, when in fact, he should have been required to prove a change in circumstances for a modification of custody. She contends that, under 10 O.S. 1991 § 6, she, as the natural mother, was the custodial parent, and any change in that arrangement is a modification. Section 6 provides:

**§ 6.  Custody of child born out of wedlock**

Except as otherwise provided by law, the mother of an unmarried minor child born out of wedlock is entitled to the care, custody, services and earnings and control of such minor.

---

1. The issues raised in the motion for new trial and the amended motion for new trial are:

  1. The Court erred in applying the wrong standard at conclusion of the evidence when it awarded custody to Defendant.

  2. The Court erred in modifying custody of the minor child without the showing of a substantial change in circumstances that substantially and materially affecting (sic) the welfare of the minor child.

¶ 4 Chronister contends § 6 is inapplicable to this case, and instead, contends 10 O.S. Supp.1994 § 70 applies. Subsection C provides:

C. Proceedings to establish paternity may be brought in the appropriate district court or through the Department of Human Services, Office of Administrative Hearings: Child Support, by the mother, the father, guardian or custodian of the child, the Department of Human Services, the district attorney, a public or private agency or authority chargeable with the support of the child, or by the child. The court, *after determining paternity in a civil action,* shall provide for the support and maintenance of the child. *The court shall further make provision for custody and visitation based upon the best interests of the child.* [emphasis supplied].

 ¶ 5 Clearly, § 70 provides a statutory mandate for the use of the best interests of the child standard in the instant case. Moreover, it has been held many times the best interests of the child is a paramount issue in any custody proceeding. See *Mueggenborg v. Walling,* 1992 OK 121, 836 P.2d 112, citing *Rice v. Rice,* 603 P.2d 1125 (Okl. 1979). Section 6, cited by Martin as the reason for requiring a higher standard of substantial change in circumstances, provides for custody in the mother *except as otherwise provided by law.*[2] Therefore, where, as here, the paternity of a child born out of wedlock has been established, the court has discretion to award custody to either parent, but it must be based on the best interests of the child pursuant to § 70. Chronister was not required to prove a substantial change in circumstances.[3]

¶ 6 Martin's allegation of error that the custody award was against the clear weight of the evidence was not raised in her motion for new trial, and will not be considered on appeal. See 12 O.S.1991 § 991.

¶ 7 Chronister has filed a motion for attorney fees on appeal. Although he has cited several statutes as possible authority for the award, none of those cited authorizes an award to the prevailing party in a custody order arising out of a paternity action. The request for appeal-related attorney fees is denied.

¶ 8 The order of the trial court overruling Martin's motion for new trial is AFFIRMED.

JONES, P.J. and ADAMS, C.J., concur.

---

**2.** Section 6 applies so long as the child's father is not involved. When the father and his parental rights are in issue, § 6 no longer is controlling. Any other construction would cause the validity of § 6 to be questionable. Cf. *Baptist Medical Center of Oklahoma, Inc. v. Aguirre,* 1996 OK 133, 930 P.2d 213.

**3.** The appellate record does not contain the transcript of the paternity trial. The only evidence filed in this appeal is one volume of exhibits received at that trial. The transcript of the hearing on the motion for new trial is part of the record, but no testimony was taken and no exhibits were received.