2003 OK CIV APP 63

**STATE of Oklahoma, ex. rel. DEPART-MENT OF HUMAN SERVICES, on behalf of Jill C. SMITH, Plaintiff/Appellant,**

**v.**

**Paul Allen VIGIL, Defendant/Appellee.**

**No. 97,339.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 2, 2003.

Certiorari Denied July 2, 2003.

Barry K. Roberts, Norman, OK, for Plaintiff/Appellant.

David W. Echols, M. Eileen Echols, Oklahoma City, OK, for Defendant/Appellee.

## OPINION

CARL B. JONES, Judge.

¶ 1 Plaintiff/Appellant, Jill C. Smith (Mother), appeals from an order of the trial court awarding custody of the parties' minor child to Defendant/Appellee, Paul Allen Vigil (Father). Because this Court finds the trial court's order is not against the clear weight of the evidence, it is affirmed.

¶ 2 Mother and Father were never married. Their daughter was born August 17, 1994. In 1998, the Department of Human Services (DHS) instituted an action against Father on behalf of Mother to determine Father's paternity of the child and to collect child support. The trial court entered a decree on November 1, 1998, establishing Father's paternity and ordering Father to pay child support. Although the actual decree establishing paternity is not a part of the appellate record, the parties do not controvert that the decree is silent as to the issue of legal custody of the child, nor is it controverted that Mother has had physical custody of the child since her birth. In February, 1999, Father sought liberal visitation with the child. The trial court granted Father's request in March, 1999. On May 7, 1999, Mother filed a motion to suspend Father's visitation. This motion was denied. On July 3, 2000, Father filed an application for emergency *ex parte* temporary order requesting the court to award Father with child's custody. This application was denied. Thereafter, on July 21, 2000, Father filed a motion to modify custody. In his motion to modify, Father averred the court entered an order establishing paternity, child support and back child support, but did not "officially" award custody to Mother although she has been in the past and continues to act as custodial parent of the minor child. Father also alleged there has been a substantial, material and permanent change in conditions such that it is in the best interests of the minor child to modify the paternity order and award custody of the child to Father.

¶ 3 The trial on the custody matter was held August 24 and November 21, 2000. On November 21, 2000, the trial court sustained Father's motion to modify custody basing its decision on the following findings:

   a. Physical and verbal abuse has occurred in the home of the Plaintiff/Mother;

   b. Abusive corporal punishment in the home of the Plaintiff/Mother;

   c. Underage drinking in the home of the Plaintiff/Mother;

   d. Violence in the home of the Plaintiff/Mother;

   e. Fires in the home of the Plaintiff/Mother rendering the home unsafe;

f.   Plaintiff/Mother, without good cause, removed the minor child from a gifted and talented program; and

g.   The home of the Plaintiff/Mother is unstable as to the occupancy of same.

¶ 4 Mother was granted visitation rights according to an attached schedule and was ordered to pay child support to Father according to the Oklahoma Child Support Guidelines. The journal entry memorializing the trial court's custody determination was entered on January 11, 2002. DHS appeals from this order.

■ ¶ 5 In order to apply the appropriate standard of review, this Court must determine if the instant action is an initial custody determination or a modification of a custody order. The parties' pleadings and the trial court's journal entry identified this matter as the *modification* of a custody order. In the appellate brief, DHS urges this is a *modification* proceeding because it was uncontroverted that DHS has had physical custody of the child since her birth. Further, DHS urges 10 O.S.2001 § 6 conclusively establishes that custody of a child born out of wedlock is placed with the mother as a matter of law. Section 6 provides: "Except as otherwise provided by law, the mother of an unmarried minor child born out of wedlock is entitled to the care, custody, services and earnings and control of such minor." Thus, DHS urges the trial court erred in modifying the child's custody from Mother to Father because Father failed to sustain his burden of establishing: "1) a permanent, substantial and material change in circumstances; 2) the change in circumstances must adversely affect the best interests of the child; and 3) the temporal, moral and mental welfare of the child would be better off if custody is changed" to Father. *Daniel v. Daniel,* 2001 OK 117, ¶ 17, 42 P.3d 863, 869.

¶ 6 Father argues the instant action was an *initial* custody proceeding; thus, the trial court's decision must be affirmed if it is supported by the clear weight of the evidence concerning the child's best interests. In the alternative, Father urges even if this was a modification proceeding, he met his burden of showing a permanent, substantial and material change in circumstances; thus, the de-

cision of the trial court should likewise be affirmed.

■ ¶ 7 DHS' contention that the instant action was a modification of custody proceeding is rejected. There can be no change in custody from one parent to the other because there has never been an initial custody determination. Further, § 6 does not support DHS' contention. "Section 6 applies so long as the child's father is not involved. When the father and his parental rights are in issue, § 6 no longer is controlling." *Department of Human Services ex rel. Martin v. Chronister,* 1997 OK CIV APP 50, ¶ 5 n. 2, 945 P.2d 511, 513; *accord Miles v. Young,* 1991 OK CIV APP 101, 818 P.2d 1258. In addition, even though the trial court was empowered in the original paternity action to make further provision for custody and visitation based upon the best interests of the child, this was not done. 10 O.S. Supp.1998 § 70(C) (later renumbered as § 70(D) by *Laws* 1999, c. 396, § 21). However, the trial court did determine Father's paternity and his obligation as a parent to pay child support. Along with that obligation was Father's concomitant right as a parent to custody of the child. *Miles v. Young, supra.* Accordingly, this Court finds the trial court's order was a custody decision in the first instance; and proof of a change in material and substantial circumstances was not required. *Id.* at ¶ 25, 818 P.2d at 1262.

■ ¶ 8 Since this was an initial custody proceeding, the trial court was authorized to award custody to either parent or both parents jointly, according to the best interests of the child. 10 O.S.2001 § 21.1(A)(1). In reviewing a trial court's initial custody determination, this Court will not reverse the trial court's order unless it is contrary to the clear weight of the evidence concerning the child's best interest, or affected by an abuse of discretion. *Daniel, supra* at ¶ 21, 42 P.3d at 871. Deference will be given to the trial court's determination of controversial evidence because the trial court had the opportunity to observe the demeanor and hear the testimony of the witnesses and determine the credibility of the testimony. *Manhart v. Manhart,* 1986 OK 12, ¶ 9, 725 P.2d 1234,

1237. In addition, DHS has the burden on appeal to show the trial court's custody award is erroneous and contrary to the child's best interests. *Daniel, supra* at ¶ 21, 42 P.3d at 871. Absent a showing that the trial court's decision is against the clear weight of the evidence, its determination is presumptively correct. *Carpenter v. Carpenter,* 1982 OK 38, ¶ 10, 645 P.2d 476, 480.

¶ 9 DHS alleges the trial court's order changing custody of the minor child was not supported by competent evidence because its judgment was based wholly on hearsay statements allegedly made by the five or six year old child to her Father. The record reveals extensive testimony by Father recounting that the child told him her step-father burned her arm with a cigarette; Mother bruised her bottom; drugs and alcohol were consumed in Mother's home; and violence and underage drinking took place in Mother's home. DHS' counsel consistently objected to this testimony, but such objections were overruled by the trial court.

¶ 10 DHS urges this was error because Father failed to comply with the statutory mandates of 12 O.S.2001 § 2803.1 for the exception to the hearsay rule. Section 2803.1 provides an exception for a child's statements in criminal and juvenile proceedings which have a "sufficient indicia of reliability so as to render it inherently trustworthy." DHS points to Father's testimony that he had to persistently question the child about the cigarette burn and the bruises on her bottom before she would state how she received same. Father also admitted on cross-examination he had not observed Mother spanking or verbally abusing the child, nor was he present to observe any violence, underage drinking or drug and alcohol abuse in Mother's home. DHS argues the child's uncorroborated out-of-court statements pertaining to such matters should have been excluded as inadmissible hearsay testimony and should not have been the basis for the trial court's decision.

¶ 11 In contrast, Father argues § 2803.1 is inapplicable because this was not a "criminal proceeding" or "juvenile proceeding." Instead, he urges his testimony recounting the child's statements may be admitted into evidence under 12 O.S.2001 § 2803 and *Kerr v. Clary,* 2001 OK 90, 37 P.3d 841. In *Kerr,* the trial court restricted the father's visitation with the parties' minor child. On appeal, the father argued the child's out-of-court statements made to the child's counselor and a DHS employee concerning the father's alleged sexual abuse of the child should have been excluded as inadmissible hearsay testimony. The trial court allowed the statements to be admitted into evidence under § 2803(24). The Supreme Court found the trial court did not abuse its discretion in admitting such testimony because "[t]he purpose of § 2803(24) is to allow for the admission of hearsay statements not covered by explicit statutory hearsay exceptions but which possess 'equivalent guarantees of trustworthiness....' " *Id.* at ¶ 15, 37 P.3d at 844. However, in the instant case, DHS counters § 2803(24) is inapplicable because the child's statements did not have "equivalent circumstantial guarantees of trustworthiness."

¶ 12 First, this Court agrees with Father that the exception in § 2803.1 is inapplicable to the instant custody action. This Court also agrees with DHS that it would have been error for the trial court to make its initial custody determination *solely* on Father's recount of statements made to him by the child because there was evidence demonstrating that the child was not forthright when initially questioned about the bruises and cigarette burn. Notwithstanding, the trial court's decision is otherwise supported by competent non-hearsay evidence; and, accordingly must be affirmed.

¶ 13 Father testified that during a visitation, he saw a perfect round circle burn on the child's right arm which he believed was a cigarette burn. After DHS' objection was overruled, Father testified the child eventually told him her step-dad burned her with the cigarette. Father's testimony of his observation is direct evidence corroborating the child's explanation for the burn. Father also testified during a visitation and while his wife was bathing the child, his wife observed multiple line bruising across the child's bottom. Father testified he had reason to believe that Mother caused the bruising, and when he questioned the child about these bruises, the

child explained she was spanked by Mother because she wanted to give Father's wife a child-made present for Mother's Day. Father additionally testified that during another visitation at Lake Murray, he observed Mother verbally threatening his wife with obscenities and physically grabbing his wife's hair while the child was sitting in a car approximately ten feet away. This evidence supported the trial court's finding of Mother's physical and verbal abusive behavior. In addition, Mother admitted there were two fires in her home within a 24 hour period; that the fire department responded thereto; and repairs were made. Mother also freely admitted she allowed the child to quit the gifted and talented program because the child did not like staying for the after-school program. These admissions supported the trial court's findings as well.

¶ 14 The paramount consideration in an initial custody determination is the best interests of the child. *Daniel supra.* There was competent evidence showing the child's best interests would be served by granting Father custody of the child. Based on this evidence, this Court finds the trial court's decision to award custody to Father was supported by the clear weight of the evidence and was not an abuse of discretion.

¶ 15 AFFIRMED.

HANSEN, J., concurs, and MITCHELL, P.J., concurs in result.